## Swires *against* Parsons.

The performance of labour by one for another raises an implied *assumpsit* that it will be compensated; but this implication is rebutted by proof of circumstances showing such a relation between the parties as repels the idea of contract.

ERROR to the Common Pleas of *Centre* county.

This was an action of *assumpsit,* brought by Susan Swires, *alias* Susan Parsons, against the administrators of Isaac Parsons, deceased, to recover compensation for work, labour and service performed for the intestate in his lifetime.　The proof was, that the plaintiff had lived for many years with the intestate, and performed the labour and service as alleged; and the witnesses testified that she lived with him as his wife, and was reputed as such.

Woodward (President) was of opinion that the plaintiff was not entitled to recover, and directed a verdict and judgment for the defendants.

*Hale,* for plaintiff in error, in support of the action, cited 11 *Serg. & Rawle* 164; 6 *Binn.* 509; 3 *Penn. Rep.* 712.

*Blanchard,* contra, cited 1 *Leigh's N. P.* 6; *Wheat. Selw.* 67; 2 *Term Rep.* 614; 4 *Black. Rep.* 1073; 2 *Whart.* 94; 4 *Wash. C. C.* 299; 2 *Wils.* 340; 2 *Whart.* 94.

The opinion of the Court was delivered by

Rogers, J.—We cannot undertake to say that there was error in charging the jury that, under the circumstances in proof, the plaintiff was not entitled to recover.　They were right in ordering

[Swires v. Parsons.]

judgment to be entered for the defendants. The evidence establishes one of two things, either that the plaintiff and intestate were married, or that she was living in a state of concubinage. They lived as man and wife, and were generally reputed to be so, as the witnesses all concur in saying. Either position is fatal to the claim for compensation, unless in the latter case there was superadded proof of a contract of hiring, of which there is not a shadow of evidence. Without this consideration, however meritorious her services may have been in one aspect, the action cannot be sustained. The action of *assumpsit* is founded on contract, either express or implied; and as an express contract is out of the question, the action must be maintained, if at all, on the implied promise. But this cannot be, for if a man work for another merely with a view to a legacy, he cannot afterwards resort to an action on an implied *assumpsit*. In *Osborn* v. *The Governors of Guy's Hospital*, (2 *Stra*. 728), where this principle was first ruled, it is said, " The court must consider how it was understood by the parties at the time of doing the business, and a man who expects to be made amends by a legacy cannot afterwards resort to his action." This principle applies to the case in hand, and has been since recognised in *Little* v. *Dawson*, (4 *Dall*. 111); *Jamison* v. *Executors of Le Grange*, (3 *Johns. Rep.* 199); to which may be added, *Urie* v. *Johnson*, (3 *Penn. Rep.* 212). It is enough for the plaintiff, *primâ facie*, to show labour performed, to raise an implied *assumpsit* to pay for it. But the facts in evidence rebut the implication of a promise, which would otherwise arise; for the relation which they bore to each other is inconsistent with any understanding for compensation. As it is a situation in which she voluntarily placed herself, she must rely upon his bounty for support. She cannot now turn round and rely upon compensation founded on the relation of master and servant. If the woman can maintain suit against the man, cases may occur where the man may, by parity of reasoning, maintain suit against the woman; and it may sometimes be a difficult matter to settle the account between them. A man cannot be made a debtor against his will; and although cases may be readily supposed of great hardship and apparent injustice, as where the woman has been the victim of a base deception, thinking herself married when she is not, yet we cannot yield to such considerations on reasons of, at least, doubtful policy.

Judgment affirmed.