## MOULIN v. COLUMBET.

THE presumption that the person enjoying the benefit of services rendered is bound to pay therefor what they are reasonably worth, may be rebutted by proof of a special agreement to pay a fixed amount, or in a particular manner, or by proof that the services were intended to be gratuitous.

In an action for personal services, defendants asked an instruction to the effect
that if the plaintiff served the defendant upon an understanding that he was
to have only his living—board, washing, lodging, etc.—as a compensation,
and that he had received these, then defendant should recover, which instruc-
tion the Court refused: *held*, that the instruction was proper, and that for the
error in refusing it the judgment for plaintiff must be reversed.

APPEAL from the Fourth Judicial District.

The facts are stated in the opinion.

*S. W. Holladay*, for Appellant.

*Geo. R. Parburt*, for the Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J.
and NORTON, J. concurring.

This is an action to recover for work, labor, and services per-
formed by the plaintiff for the defendant.   The defendant sets up
as a counter claim an account for board, washing, etc., and further
averred that the plaintiff was staying with him for his health, and
all services rendered by him were in consideration of his board,
lodging, and washing, and that his services were worth no more
than that.   The case was tried by a jury, who returned a verdict
for the plaintiff for the sum of nine hundred and sixty-eight dollars
and seventy-nine cents, and judgment was rendered accordingly,
from which the defendant appeals.

On the trial, considerable testimony was introduced by the
defendant showing that the plaintiff, during the time he claims pay
for his services, was living in his family as a guest, rendering some
service in return for the defendant's hospitality.   No proof was
offered of an express contract or agreement by the defendant to
pay him for these services, but the plaintiff relied upon the pre-
sumption of law which arises from the proof of services rendered,
that the person enjoying the benefit of the same is bound to pay
what they are reasonably worth, the law implying a contract to that
effect.   Such undoubtedly is the general rule upon this question.
It is founded, however, upon a mere presumption of law, and is
liable to be rebutted by proof of a special agreement to pay there-
for a particular amount or in a particular manner, or by proof that

Moulin v. Columbet.

the services were intended to be gratuitous, or even by particular circumstances, from which the law would raise the counter presumption, that the services were not intended to be a charge against the party who was benefited thereby.

Where services are rendered upon an understanding that the remuneration is to be at the entire discretion of the employer, no action is maintainable. (*Taylor* v. *Brewer*, 1 Maule & Selwyn, 290.) If services are rendered in expectation of a legacy, without any contract, no action can be maintained for them. (*Little* v. *Dawson*, 4 Dallas, 111; *Le Sage* v. *Cousmaker*, 1 Esp. 187; *Lee* v. *Lee*, 6 Gill & Johns. 316; *Patterson* v. *Patterson*, 13 J. R. 379.)

Where services were originally rendered gratuitously, they cannot afterwards be converted into a charge. A Court will not permit a friendly act, or such as was intended to be an act of kindness or benevolence to be afterwards converted into a pecuniary demand. (*James* v. *O'Driscoll*, 2 Bay, 101.) Where one works for another, the law in general implies a promise to pay what the work is worth, but that implication does not arise in favor of a son who continues with his father's family after he attains his majority, without agreement for wages; nor in favor of a man who marries a daughter, and lives with her in his father-in-law's family (*Lovet* v. *Price*, Wright, 89; *Defranca* v. *Austin*, 9 Barr. 309); or in favor of a daughter who thus remains with her parents or those who stand in place of her parents. As a general rule she would be considered as a visitor, not entitled to pay for her services, or liable to pay for her board. (*Andrus* v. *Foster*, 17 Vermont, 556; *Guild* v. *Guild*, 15 Pick. 129; *Fitch* v. *Peckham*, 16 Vermont, 150.) So a woman who has lived with a man as his wife, supposing herself to be such, cannot, on discovering that the marriage between them was void, recover for her services, upon an implied promise. (*Cropsey* v. *Sweeney*, 27 Barb. S. C. 310; *Swives* v. *Parsons*, 5 W. & S. 357.) When work is done by one for the benefit of another, with his knowledge or approbation, the law will imply a promise to pay for it, unless it appear that there was an understanding that no compensation should be given; but where there is such an understanding the law will not imply a promise, and such understanding

may be implied from circumstances. (*Livingston* v. *Achiston*, 5 Cowen, 531.)

If it be true, as claimed by the appellant, that he received the plaintiff into his house and family when in bad health, and that the services rendered were intended as a return for the hospitalities he had received, and not as the foundation of a claim for compensation, it is clear that the plaintiff is not entitled to recover pay therefor, nor the defendant for his board and the accommodations he received. There was evidence tending to show that state of facts, and the defendant asked the Court to give the following instruction on that point: "That if the jury believe, from the evidence, that plaintiff went and continued with the defendant, induced so to do for his health, and to retire from the city; and, upon the understanding between them that the plaintiff was to have only his living with the defendant, such as board, lodging, washing, and the baths, for such services as he should render the defendant, then the verdict should be for the defendants." This instruction was a proper one, and should have been given by the Court, and it was clearly error to refuse it.

The judgment is reversed and the cause remanded for a new trial.