THEODORE H. GALLAHER, APPELLANT, *v.* PELL S. C. VOUGHT, RESPONDENT.

*Services — between relatives — action for — degree of consanguinity necessary to create presumption that they are gratuitous.*

Where services are rendered by one person for another, without any agreement in respect to compensation therefor, the law will ordinarily imply an agreement to pay what such services are worth, except in the case of near relatives or members of the same family, when the law regards such services as acts of gratuitous kindness and affection ; but this exception cannot be extended to include a case where the defendant's wife and the plaintiff's mother were cousins, the relationship between the parties being only by affinity.

APPEAL from a judgment entered upon the report of a referee, dismissing the plaintiff's complaint, with costs.

This was an action to recover the value of services alleged to have been rendered by the plaintiff, in taking care of the defendant's sick son, performed between October, 1868, and October, 1873. One of the defenses thereto set up in the answer was in these words:

And defendant for further answer to said complaint alleges that said plaintiff being a relative of defendant's wife, and out of employment, and having no means and no place to stay, requested this defendant to let him come and stay with him at his house until he could procure some employment, and voluntarily offered to stay with and assist in serving to this defendant's said son, who was unwell and confined to the house, while so there; that the defendant consented, and the said plaintiff did so come and boarded with this defendant for a long time, and occasionally, in a friendly way, while so there, did stay with and assist in taking care of the said Niles F. Vought, but without any agreement on the part of this defendant to pay, or any intention on the part of the said plaintiff that he expected pay therefor; but it was understood to be done as a friendly act, and in consideration of such board, etc., only, and not to be a charge against this defendant.

*Eugene B. Travis,* for the appellant.

*Travis & Lent,* for the respondent.

DYKMAN, J.:

Ordinarily where services are rendered by one person for another without any agreement in respect to compensation, the law will imply an agreement to pay what the services are fairly worth. There is, however, a well recognized exception to this general rule in respect to services rendered by near relatives and members of the same family, on the ground that the law regards such services as acts of gratuitous kindness and affection, and the referee before whom this cause was tried seems to have supposed that this case came within that exception. In this we think the referee has fallen into error.

In the first place, the uncontradicted testimony is that the defendant's wife and the plaintiff's mother are cousins, and the

referee has no proof in the case to support his finding that the plaintiff and defendant's wife are cousins.

The plaintiff and defendant were not, therefore, related at all, except by affinity, and we think such relationship not sufficiently near to place the parties within the exception. We have been unable to find any reported case that carries the doctrine to that extent. In fact, although the elementary writers seem to lay down the exception as broadly as it is stated above, yet all the reported cases confine it to cases of claims between members of the same family, and the courts refuse to imply a promise by reason of the existence of the family relation.

The referee cites the cases of *Williams* v. *Hutchinson* (3 Comst., 312) and *Bowen* v. *Bowen* (2 Bradf., 336). In the first of these cases the parties had been members of the same family, and the defendant stood *in loco parentis* to the plaintiff, and in the others the parties were brothers, and had been members of the same family during the time of the services. In the first case the rule is laid down as follows: "Under certain circumstances, where one man labors for another, a presumption of fact will arise that the person for whom he labors is to pay him the value of his services. It is a conclusion to which the mind readily comes from a knowledge of the circumstances of the particular case and the ordinary dealings between man and man. But where the services are rendered between members of the same family, no such presumption will arise." And this case and the case of *Bowen* v. *Bowen* were disposed of on that ground. Neither one of them, therefore, are any authority for the decision of the referee in this case, for the reason that the relation of the parties was entirely different. There are numerous reported cases, both in this country and in England, holding the same doctrine as these two, but none of them sustain the decision of the referee in this case, and we do not think his report can stand on the ground on which he has put it.

We do not think that the relation between the parties to this action was such as would prevent the law from implying an agreement to pay for services rendered by the plaintiff for the defendant, and the question in the case therefore is whether the services of the plaintiff were performed under the expectation that they would be paid for, or whether both parties expected and intended

that they should be gratuitous. The testimony is quite contradictory on this point, and the referee has not found the fact either way. In his first report he finds that there was no contract, expressed or implied, that the plaintiff's services should be paid for. Whether there was an implied contract is not a question of fact, and there are no facts found in the first report that will sustain the conclusion of law that the complaint should be dismissed.

In the second paper signed by the referee, which is called a more detailed finding of facts, the referee finds that the plaintiff, in the spring of 1870, was out of employment and somewhat destitute, but there is not the slightest evidence to support the finding. He finds also that the plaintiff rendered services during all the time he was at the defendant's, down to June, 1874, but does not find that there was no expectation of compensation. He says he cannot resist the conviction that the services were performed without the expectation of receiving any thing more for his services than a comfortable home, with such pecuniary aid as the generosity of the defendant might prompt him to bestow; but we do not think this is a finding of fact.

It is rather a finding of the referee's conviction. The evidence was contradictory, and the plaintiff was entitled to a distinct finding on this point. It is quite possible that services may be rendered among persons not related to each other at all under such circumstances that the law will not imply an agreement for compensation, and if the services of the plaintiff were so rendered for the defendant he is not entitled to recover; and if they were not, then he is entitled to recover. This question has not been determined, and can be determined only by the trial court. We cannot determine it here, and there must be a new trial for that purpose.

New trial granted at the Circuit, costs to abide the event.

Gilbert, J., concurred.

Present — Barnard, P. J., Gilbert and Dykman, JJ.

Judgment reversed and new trial granted at Circuit, costs to abide event.