Kings County.—HON. W. L. LIVINGSTON, Surrogate.— March, 1880.

## Keller *v.* Stuck.

*In the matter of the final accounting of* Catharine Stuck, *administratrix, &c., of* Magdalena Keller.

A claim of the administratrix, a sister of the intestate, for nursing the deceased, cannot be allowed unless established by legal proof, even as against parties not appearing in answer to the citation. Such nonappearance only enables the administratrix to proceed with her proof *ex parte*.

The testimony of the administratrix is inadmissible to prove her claim, and her affidavit under the Revised Statutes (§ 35, 2 *R. S.*, p. 88), will not establish it.

Proof by other witnesses that the services were rendered, and were worth

the amount claimed, will not suffice. Either an express or an implied promise to pay for the services must be shown.

Where the services are rendered between members of the same family living together, the law will not imply a promise to pay for them.

Where the other next-of-kin, who are entitled to share in the estate with the administratrix, were, while very young, removed from this state, for the purpose of acquiring a residence in some western state, more than fourteen years prior to the application of the administratrix for an accounting, and twelve years prior to the death of the intestate, since which time the administratrix had not heard anything of them, and the citation was served on them by publication, *Held*, that no presumption of the death of such next-of-kin arose, or of their death prior to that of the intestate, and that the administratrix was not entitled to the whole estate, as sole next-of-kin.

No presumption of a person's death arises from the fact that such person, having abandoned his original place of residence in this state, for the purpose of acquiring a new residence in some other state, has not been heard of for more than seven years *at his original place of residence*. The absence, without being heard from for seven years, which will warrant the presumption that a person is dead, means absence from that person's place of residence, his home, with which place he would most certainly keep up some kind of communication, or to which he would return, if alive.

APPLICATION on the part of the administratrix for a final accounting, and also to prove a claim which she makes against the estate of the intestate.

The petition showed that the next-of-kin of the intestate are her sister, the petitioner, and a nephew and a niece, both of full age, whose residences are unknown to the petitioner, and have been for over fourteen years. The citation to attend on the final accounting, and also on the proving of the claim of the administratrix, was served on the said nephew and niece by publication; neither appeared.

The claim was for attending and nursing the intestate, and was verified by the oath of the creditor mentioned in 2 *R. S.*, 88, § 35.

The administratrix testified that the nephew and the

niece were the children of the stepbrother of the deceased, and that their place of residence was changed from this state to some of the western states, while they were still very young children, more than fourteen years prior to this application, since which time she has never heard anything of them. She testified to the services rendered by her to the intestate, and to their value.

Other witnesses also testified to the services rendered and to their value, but no agreement to pay for the said services was proved.

WILLIAM SULLIVAN, *for administratrix.*

THE SURROGATE.—Before the claim of the administratrix can be paid, it must be *proved* to and allowed by the Surrogate. (2 *R. S.*, 88, § 33.) That means that it must be established by *legal* proof. It cannot, therefore, be proved by the testimony of the administratrix herself. (*Code*, § 829 ; Jacques *v.* Elmore, 7 *Hun*, 675 ; Matter of Kelly, 1 *Tucker*, 28.) Much less can it be proved by her affidavit, taken under the provisions of 2 *R. S.*, 88, § 35. (Williams *v.* Purdy, 6 *Paige*, 166 ; Clarke *v.* Clarke, 8 *Id.*, 152.) And I can see no room for claiming that no proof need be offered as against parties not appearing in answer to the citation.

The statute is explicit, and makes no such exception. The fact that the parties cited do not appear does not dispense with the proof ; it only enables the executor or administrator to proceed with his proof *ex parte*. (Kellett *v.* Rathbun, 4 *Paige*, 102.)

Now, assuming that the testimony of the other witnesses, besides the administratrix, proves that the services in question were rendered, and that they were

worth the amount claimed, that is not enough ; before she can recover, the administratrix must prove either an *express* or an *implied* promise to pay her for her services. (Maltby *v.* Harwood, 12 *Barb.*, 473 ; Cropsey *v.* Sweeney, 27 *Id.*, 310). There is no proof of any *express* contract, and in cases of this kind, where the services were rendered between members of the same family living together, the law will not *imply* a promise to pay for them. (Matter of Kelly, 1 *Tucker*, 28 ; Bowen *v.* Bowen, 2 *Bradf.*, 336 ; Robinson *v.* Cushman, 2 *Den.*, 149 ; Weir *v.* Weir, 3 *B. Mon.*, 645 ; Williams *v.* Hutchinson, 3 *N. Y.*, 317, 318.)

In this last case, the Court of Appeals lays down the law on this subject as follows : " A contract or promise to pay, as a matter of fact, requires affirmative proof to establish it. Under certain circumstances, where one man labors for another, a presumption of fact will arise that the person for whom he labors is to pay him the value of his services. It is a conclusion to which the mind readily comes, from a knowledge of the circumstances of the particular case, and the ordinary dealings between man and man. But when the services are rendered between members of the same family, no such presumption will arise. We find other motives than the desire of gain, which may prompt the exchange of mutual benefits between them, and hence no right of action will accrue to either party, although the services or benefits received may be very valuable, and this does not so much depend upon an implied contract that the services are to be gratuitous, as upon the absence of any contract or promise that a reward should be paid."

The claim of the administratrix cannot, therefore, be allowed.

The administratrix insists that the nephew and the niece of the intestate must be presumed to be dead, because they have not been heard from at their original place of residence in this state for more then fourteen years; that they must be presumed to have died before the intestate, who departed this life in July, 1878, and that therefore the administratrix is entitled to the whole estate of the intestate, after deducting all proper payments and allowances therefrom, as the sole next-of-kin of the intestate. It is unnecessary to inquire what would be the result if the evidence raised the presumption that the nephew and the niece were both dead, because I have come to the conclusion that no such presumption is warranted by the proofs. The evidence only shows that these two children, while still very young, were removed from this state for the purpose of settling and acquiring a new residence in some western state, since which time the administratrix has not heard anything of them. No presumption of a person's death arises from the fact that such person, having abandoned his original place of residence in this state for the purpose of acquiring a new residence in some other state, has not been heard of for more than seven years *at his original place of residence*. The absence, without being heard from for seven years, which will warrant the presumption that a person is dead, means absence from that person's place of residence—his home—with which place he would most certainly keep up some kind of communication, or to which he would return were he alive; hence, if he has been absent therefrom for seven years without having

been heard of, it may naturally enough be presumed that he is dead, but no such inference can be drawn from the fact that he has been absent from, and has not been heard of at, a place which was not or had ceased to be his home or place of residence. The reasons on which the presumption is founded in the former do not exist in the latter case, and consequently the presumption itself does not exist in such a case. (McCartee *v.* Camel, 1 *Barb. Ch.*, 463.) It seems to me that when courts are called upon to dispose of a person's property, because such person has not been heard of for seven years, they should be careful not to extend the application of the rule of law which permits them to do so.

The property of the intestate must therefore be distributed in the proportions fixed by law between the administratrix and the children of the deceased stepbrother of the intestate.

Ordered accordingly.