The following is the opinion of the surrogate:
Coffin, S.
Undoubtedly the general rule is that, as between members of the same family, neither party can recover for services rendered, in the absence of an expless agreement or promise to pay. This rule is founded upon the idea of reciprocity between them, and the fact that the value or benefits received by one are greater than those received by the other will make no difference. They must, however, be mutual. To illustrate: Suppose this claimant had sought to recover for services rendered before the testator became ill, she would have been effectively met by the rule in question; but when his illness became so serious as to deprive him of the power, in any manner, of reciprocating the care and kindness bestowed, and he became a grievous burthen, one would suppose the normal relation to have largely ceased, and, while the law of nature demanded that he should be properly nursed and cared for by his child, yet that those services should receive some compensation from his estate, if he left any, as against those entitled to share it who contributed nothing to the disagreeable work. The fact that Mrs. Hall had a family of her own, and lived at a distance, was a sufficient reason why she could not share in the nursing, etc., which naturally fell upon the claimant, who was an immediate member of the family; but as she could not contribute her personal services, it would seem but equitable that she should furnish an equivalent out of her portion of the estate. Our statute makes it the duty of the children of sufficient ability of any poor person who is so impotent or decrepit as to be unable by work to maintain himself, at their own charge to maintain him. Why, then, in a case of this kind should they not equally share, in some form, the burthen his illness and the circumstances cast upon one? And it may be remarked in this connection that in the many cases cited by the learned counsel, as well as numerous others examined, none presents the precise state of facts under consideration here. In the leading case of Williams v. Hutchinson, 3 N. Y, 312, the claim was made by a stepson for services. So of Hill v. Hanford, 11 Hun, 536. In Wotherspoon v. Wotherspoon, 17 J. & S., 152, there appeared to be only one *31 son, and the claim related to the board oí the father. Maltby v. Harwood, 12 Barb., 473, related to the case of a supposed apprentice, whose claim was for wages. In Bowen v. Bowen, 2 Bradf., 336, a claim for wages was presented against the estate of his deceased brother. The case of Keller v. Stuck, 4 Redf., 294, approaches, in its facts, more nearly to this than any that has been brought to my notice. An administratrix of a deceased sister, and the only next of kin, except a nephew and niece, sought to prove a claim for services in nursing the intestate in her last illness. It did not appear what the nature and extent of the" services were, and it was rejected on the strength of the decision of Williams v. Hutchinson.
In certain cases where it is impossible, from the circumstances, to imply a contract between the parties, the law will imply one, as if, in the absence of a husband, a neighbor incur an expense in burying his deceased wife in a manner suitable to the husband’s condition in life, though without his knowledge, the law will imply a promise to reimburse the person who incurred the expense. Jenkins v. Tucker, 1 H. Bl., 90. So one might suppose that if a person were so entirely insane as to preclude the possibility of his making a contract, and were to be kept, managed, cared for and controlled by another, a contract might be implied so that the value of the services rendered might be recovered; but the answer to that would probably be that a committee might have been appointed who would have been competent to contract for him.
The difficulty here, however, is that from the relation of the parties, as determined by most of the cases cited, no contract can be implied. There must be either an express agreement or a promise to pay or reward for the services rendered, no matter however meritorious or equitable the claim may be.
This brings us to the question as to whether there' was any valid promise of reward made by him to Mrs. Dromgoole for her services. There is no doubt, from the evidence, that he made such promise, but counsel for contestant claims that he lacked mental capacity sufficient to render such promise of any binding force.
The testimony on the subject is very meager in view of the importance of it. There is an abundance on the subject of his physical weakness, but very little in the way of detailed facts and conversations tending to furnish a key to his mental condition. It was, doubtless, somewhat variable. At times he talked of going home, probably intending to indicate the home of his youth. This, accompanied by an attempt to get away, would lead to the belief in some intellectual aberration at the moment. Again, following a cleansing of his person by the claimant, he would declare his intention to compensate her for the trouble he gave her. This showed a mind capable of being impressed by current facts and competent to apprehend their relations. He also told Hunter, his nurse, that he had made his will, and correctly stated what disposition he had made of his property. Hunter conversed much with him, but it is to be regretted that we *32 have no details of such conversations. Still the evidence, scant as it may be, is deemed enough to warrant the conclusion that he had sufficient intellect to make the promises he did.
It remains, therefore, to fix a reasonable compensation for the services. It is apparent that there was a progressive increase of them as required and rendered, and for them a compensation cannot be expected equivalent to that charged by skilled, trained nurses. It is believed that $1,000, being very near the amount of the bill first rendered, will be a fair compensation. As this amount will be deducted from the whole amount of the estate, each of the three who owed the natural duty will have equally contributed her share.
Decree accordingly.
Fromme Bros., for app’lt; Close & Robertson, for resp’t.
Pratt, J.
The merits of the decree appealed from are sufficiently discussed in the opinion of the surrogate. From that opinion it appears that the proofs were sufficient to sustain the findings, and that the latter justify the conclusions of law deduced therefrom. But it is claimed by the appellant that the surrogate had no jurisdiction to determine the issue at the time of the trial. This point is not well taken. Under the provisions of the 2d Revised Statutes, 88, § 33, it was frequently held that a surrogate had jurisdiction to hear and determine any and all claims in which the executor was interested. Shakespeare v. Markham, 72 N. Y., 400; Kyle v. Kyle, 67 id., 408.
Section 2739 of the Code of Civil Procedure is a codification of the former statutes, and no change of the practice seems to have been intended.
The objection that such a claim could only be heard after an accounting was not valid, as that question was not raised by the answer to the petition. The answer only put in issue the question whether the services were performed under a contract, and their value. It must be taken as conceded, therefore, that the estate was ample for the payment of all the debts.
The fact that the services might have been rendered even although there had been no promise of payment does not prevent the petitioner from claiming compensation.
The other points are sufficiently answered in the opinion of the surrogate.
Decree affirmed, with costs.
Barnard, P. J., and Dykman, J., concur.