## In re COZINE.

(Supreme Court, Appellate Division, Second Department.    April 28, 1905.)

1. WITNESSES—TRANSACTIONS WITH DECEASED—CROSS-EXAMINATION.

Where, on settlement of the account of an administrator, he was asked on cross-examination as to a certain bond and mortgage, which had not otherwise been brought into the case, whereon he detailed the transaction with reference thereto in full, the party cross-examining him could not object, though the acts involved a personal transaction with the decedent.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 722.]

2. ADMINISTRATORS—JUDICIAL SETTLEMENT—BURDEN OF PROOF.

Where an administrator has made payments in the discharge of his duties, the burden of proof is on contestant to show that they were an improper charge against the estate.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 2173.]

Appeal from Surrogate's Court, Kings County.

In the matter of the judicial settlement of the account of James J. Cozine, administrator of Cornelius Cozine, deceased. From a decree settling the account, Howard Cozine, contestant, appeals. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Leonard J. Reynolds, for appellant.

Charles H. Kelby, for respondent.

WOODWARD, J.   The principal question raised by this appeal relates to the alleged error of the learned surrogate in permitting the administrator to testify to matters in his own behalf, and which involved personal transactions between himself and the intestate.   The administrator petitioned the court for a voluntary accounting, and the contestant filed exceptions to the same.   James J. Cozine, as administrator, was called to the stand in support of his account, and, after his direct examination, was taken in hand by counsel for the contestant, and a certain bond and mortgage involved in the accounting was asked for, and offered in evidence by the latter.   With matters in this situation, counsel for the contestant asked: "How much principal was due on that mortgage at the time it came into your possession as administrator, if you know?"   The witness answered: "I will tell you about it.   My father assigned the Sterling Place house to me."   This was objected to generally, and the objection was overruled; the contestant excepting.   The witness then detailed the transaction in reference to the mortgage, involving, as it did, a personal transaction or transactions with the intestate; and after this evidence was in, the contestant's counsel moved to strike out the testimony, as involving a personal transaction with a deceased person.   This motion was denied "because the question put by counsel necessarily involved a transaction with the deceased, and you yourself asked it.   He answered it, and you did not like the answer."   It is now urged that this constituted reversible error.   The motion to strike out

was not based upon the ground that the answer was not responsive, but upon the ground that it violated the provisions of section 829 of the Code of Civil Procedure. It has been held, however, that where a party calls the adverse party, and examines him as to a personal transaction with a deceased person, in reference to which he would be precluded from testifying in his own behalf under that section, the witness is entitled to state the whole transaction or conversation, and thereby explain or qualify the testimony called out by the other party (Nay v. Curley, 113 N. Y. 575, 579, 21 N. E. 698, and authority there cited), and the same principle properly applies where the party attempts on cross-examination to reach a simliar result. The bond and mortgage were not necessary to establish the administrator's account; they were called into the case for the purpose of raising a presumption that the account was incorrect; and, when the contestant undertook to examine the administrator in reference to this bond and mortgage, he assumed the risk of the witness explaining the whole transaction. While it might have been better for the witness to answer directly the question asked, leaving it for counsel to bring out the explanation at a future time, there was no objection upon this ground; and, as the witness had a right to explain the transaction which the contestant had thus intruded into the hearing, we are persuaded that there was no error in refusing to strike out the testimony.

Upon the other questions involved, the rule seems to be that, where the administrator has made payments in the discharge of his duties, the burden of proof is upon the contestant to show that they were an improper charge against the estate. Matter of Accounting of Frazer, 92 N. Y. 239, 247. It cannot be said in the case now before us that the contestant has furnished evidence sufficient to overcome the presumption in favor of honesty. The learned surrogate appears to have carefully considered the account, and to have made such readjustments as justice required, and, with the exception of certain items of taxes, which respondent concedes were not properly a charge upon the personal estate, the decree has properly disposed of the controversy.

The decree should be modified by striking out the erroneous items paid for taxes, and, as thus modified, should be affirmed, without costs. All concur.