(113 App. Div. 22)

### In re COZINE.

(Supreme Court, Appellate Division, Second Department.　May 4, 1906.)

ADMINISTRATORS—ACCOUNTING—BURDEN OF PROOF.

　　Where an administrator has made payments on his personal and individual claims against the estate, the burden of proof is on him to show that the claims were proper.

　　[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 2170.]

On rehearing.　Former opinion modified.

For former opinion, see 93 N. Y. Supp. 557.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, and MILLER, JJ.

HIRSCHBERG, P. J.　This appeal has been reargued by order of the court.　On the original hearing, we modified the decree by striking out certain items which had been paid for taxes, and affirmed the decree as thus modified.　See Matter of Cozine, 104 App. Div. 182, 93 N. Y. Supp. 557.　The principal error then alleged by the appellant related to the reception of evidence given by the administrator involving personal transactions between himself and the intestate.　We held that this evidence was chargeable to the scope and form of inquiries addressed by the appellant's counsel to the administrator, and that the learned surrogate did not err in refusing to strike it out after it had been thus elicited.　We also held, however, that the burden of proof was on the appellant, as contestant, to show that certain payments made by the administrator were improper charges against the estate.　In this we erred, because the alleged payments were of the administrator's personal or individual claims against the estate.　This fact was not brought to our attention.　In such case there is no presumption in favor of the claims, but, on the contrary, the rule of law applicable requires that the claims should be supported by clear and satisfactory evidence.　Matter of Humfreville, 6 App. Div. 535, 39 N. Y. Supp. 550; Matter of Smith, 75 App. Div. 339, 341, 78 N. Y. Supp. 130.

The reargument has been had only on the question of the sufficiency of the proof to establish three disputed items claimed by the administrator to be proper charges in his favor against the estate, amounting respectively to the sums of $2,000, $1,300, and $1,450.　The appellant, in moving for the reargument, distinctly disclaimed any desire to reopen the question of the competency of the evidence given by the administrator as to the personal transactions with the deceased.

In view of this fact, and accepting that evidence as competent, we are of the opinion that the $2,000 item was sufficiently proved.　Indeed, the learned counsel for the respondent conceded, on the reargument, that the record contained evidence supporting that item.　We think otherwise, however, as to the two other items; that is, the one of $1,300 charged by the administrator as his equity in the house, No. 803 Sterling Place, Borough of Brooklyn, and the one of $1,450 charged by the administrator for money loaned to the deceased to ap-

ply upon the purchase price of the house, No. 1202 De Graw street in said borough. As to those two items, a referee should be appointed pursuant to section 2586 of the Code of Civil Procedure, to take further testimony; the burden of proof being on the administrator in the establishment of the validity of these claims, and the referee to report such testimony to this court with his opinion. All concur.

(113 App. Div. 41)

## MEARS et al. v. NORTH AMERICAN BREWING CO.

(Supreme Court, Appellate Division, Second Department. May 4, 1906.)

COURTS—MUNICIPAL COURTS—APPEAL—RENDITION OF JUDGMENT AGAINST DEFENDANT NOT SERVED WITH PROCESS.

Under Code Civ. Proc. § 3057, providing for affidavits on appeal founded on error in fact not within the knowledge of the court, an appeal from a judgment of the Municipal Court of New York is the proper remedy, where defendant shows by affidavit that the summons was not served on it, and the affidavit of service fails to show a proper service.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Camden Mears and others, copartners, doing business under the firm name of the Mears Rubber Company, against the North American Brewing Company. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Fernando Solinger, for appellant.
Henry Bonawitz, for respondents.

MILLER, J. The defendant appeals from a judgment of the Municipal Court, and shows by affidavit that personal service of the summons was not made upon it, and that it made no appearance in the action. The respondent does not dispute this, and the affidavit of service upon which the judgment was rendered fails to show service on the defendant. An appeal was the proper remedy. Section 3057, Code Civ. Proc.; Lazarus v. Boynton (Sup.) 86 N. Y. Supp. 104.

The judgment of the Municipal Court must be reversed, with costs. All concur.

(113 App. Div. 373)

## In re EVANS' WILL.

(Supreme Court, Appellate Division, Second Department. May 9, 1906.)

WILLS—REVOCATION.

Under 2 Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, § 42, declaring that no will shall be revoked except by some other will in writing, or some writing of the testator declaring such revocation, or unless the will be burnt, torn, canceled, obliterated, or destroyed with the intent and for the purpose of revoking the same by the testator himself, or by another person in his presence by his direction and consent, a will which the testatrix directed the custodian thereof to destroy, and which he falsely stated he had destroyed, was not revoked.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 443.]