tomers would indicate that it was well and favorably known, and the fact that the net profit upon a comparatively small capital was about $26,000 per annum would suggest that it was decidedly profitable. As it was not a business that depended upon any special qualifications in the decedent, the good will must necessarily be valuable.

I have concluded that a conservative estimate of the value of the good will would be three times the annual net profits, or $59,518.29. The order fixing tax should be reversed, and report remitted to appraiser, so that he may reduce the value of the good will from $100,000 to $59,518.29.

Decreed accordingly.

---

(60 Misc. Rep. 504.)

### In re PORTER'S ESTATE.

(Surrogate's Court, New York County.   September, 1908.)

WITNESSES (§ 134*)—DISQUALIFICATION—EVIDENCE OF ADMINISTRATOR.

Where a claim in favor of an administrator is set out in his account, and no objections are filed, he is not disqualified from testifying in support of it, nor required to object to his own evidence, under Code Civ. Proc. § 829.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 571; Dec. Dig. § 134.*]

In the matter of the estate of Francis Dwight Porter. Proceedings on the accounting of administrator. Exceptions to report sustained.

Brownell & Patterson, for administrator.
Willard A. Mitchell, for Waldorf-Astoria.

BECKETT, S.   The administrator's claim was set out in the account in itemized form as fully as in the claim presented. All other parties in interest, after due notice, defaulted, and no objections were filed to the account. Upon the hearing before the referee appointed to examine said account and to hear and determine said claim under section 2731, Code Civ. Proc., the administrator offered himself as a witness, giving testimony which was, in my judgment, together with additional proof, amply sufficient to establish his claim. The referee, however, disallowed the major portion of the claim, holding in effect that the administrator's own testimony should be disregarded by the court. The result of his decision is that the personal representative is bound to object, under section 829, Code Civ. Proc., to his own testimony offered in support of his own claim, although no other party objects to the account, and even although no one else appears in the proceeding. I cannot so find.

The learned referee seems to rely upon Keller v. Stuck, 4 Redf. Sur. 294, and, although that case has been occasionally cited, I can find no case where it has been cited, referred to, or followed in regard to this precise point. Under the circumstances as here presented the questioned testimony was entitled to have been considered

under the sanction of the authorities that hold that such testimony is not offered against the legal representative; also under another line of authorities, where the objection is not specifically raised, such testimony becomes proof in the case which the court is entitled to consider. McLaughlin v. Webster, 141 N. Y. 76, 35 N. E. 1081; Hoag v. Wright, 174 N. Y. 39, 66 N. E. 579, 63 L. R. A. 163; Hickok v. Bunting, 67 App. Div. 560, 73 N. Y. Supp. 967. If parties are silent, surely it is not the court's duty to raise this objection; and how can we reason that the law, which provides specifically in what manner the legal representative may prove his claim as the last of all the creditors, and then only as it results with exceptional notice to the parties interested, in addition to all this places the affirmative duty upon him to raise this objection against himself? The administrator's testimony was not prohibited by the language found in section 829, for it was not offered against an administrator or other person therein specified; and, while the weight that should be given to it may be lessened by his interest, it cannot be said to be inadmissible. Upon this point the referee very fairly says in his opinion:

"In conclusion, it seems proper for me to state that my disallowance of the major portion of the administrator's claim is dictated solely by the legal reasons which have seemed to me controlling, and that nothing in the testimony or that has otherwise come to my attention has caused the slightest suspicion of the bona fides of the administrator's claim."

Accordingly the exceptions to the report are sustained, and the claim is allowed.

Decreed accordingly.