In the Matter of the Application for the Judicial Settlement of the Account of Proceedings of OLIVE B. DEIMEL, as Administratrix, etc., of SIMON DEIMEL, Deceased, Respondent.

BELNORD REALTY COMPANY and MOREWOOD REALTY HOLDING COMPANY, Appellants.

First Department, December 3, 1920.

**Executors and administrators — accounting — surcharging account with moneys collected from partner of intestate — evidence showing that money did not belong to administratrix personally.**

On the judicial settlement of the accounts of an administratrix in which certain creditors sought to surcharge the account with moneys alleged to have been collected from a partner of the intestate, it was contended by the administratrix that she was a partner and that the intestate was merely acting as her representative. On all the evidence, *held,* that the intestate was the partner and that the moneys collected were due to the estate and not to the administratrix personally and that she should be surcharged therewith in her account.

APPEAL by Belnord Realty Company and another from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 14th day of May, 1919, overruling objections to the account of the administratrix herein and judicially settling said account.

*Charles K. Carpenter* of counsel [*Daly, Hoyt & Mason,* attorneys], for the appellants.

*Daniel J. Mooney,* for the respondent.

PER CURIAM:

Certain creditors seek to surcharge the account of Olive B. Deimel, as administratrix of the goods, chattels and credits of Simon Deimel. After the death of the deceased she received $7,464 from one Hugh L. Collins, who, with the said Simon Deimel, had been acting as copartners in bookmaking in connection with the race tracks. We are satisfied that the moneys invested by Simon Deimel came from Olive B. Deimel. Her claim is that they were not borrowed by her husband from her to invest in his business, but that he was acting for her in the transaction, and she was, in fact, the partner of Hugh L. Collins. This appears from her own testimony and from the testimony of Charles L. Hoffman, her attorney, both interested parties. If proper objection had been made it is probable that her testimony would have been rejected, as testimony of a personal transaction with the deceased. (See Code Civ. Proc. § 829; *Keller* v. *Stuck*, 4 Redf. 294.) But against her testimony and that of Hoffman, her attorney, appears, *first*, the fact that Collins never knew that she had any interest in the business, except as a creditor of her husband to whom she had loaned money therefor. It is most unusual that this fact would not be known to Collins if existing. *Second*, in Exhibit A, of November 22, 1918, she signs a receipt to Hugh L. Collins for $7,429 in full payment and satisfaction of all cash collections or profits to date on said transactions with said Hugh L. Collins and Simon Deimel during his lifetime. The paper then recited an arrangement for a further division of further moneys and that forty-five per cent should go " to the estate of Simon Deimel." This was signed by Olive B. Deimel, individually and as administratrix, and in the presence of Charles L. Hoffman. Hoffman explains this receipt by saying that it was demanded by Collins to be in this form, and that he was afraid that if they stood upon their legal rights they could not collect their money. Again, in the petition for administration, Olive B. Deimel recited that the personal estate of her husband amounted to $7,500. This was a statement made soon after the death of her husband. These moneys from Collins were practically all of her husband's estate. This statement made by her while Mr. Hoffman was her attorney is strong evidence against her present claim that

she was in fact the partner and not a mere creditor of the partner.

This court is of opinion that the contestants have presented the stronger proof and the account of the administratrix should be surcharged as claimed.

The order should, therefore, be modified as herein directed and as so modified affirmed, with costs to the appellant payable out of the estate.

Present — CLARKE, P. J., LAUGHLIN, SMITH, PAGE and MERRELL, JJ.

Order modified as directed in opinion and as so modified affirmed, with costs to appellant payable out of the estate. Settle order on notice.