In the Matter of the Estate of MARY C. VAN VALKENBURGH, Deceased.

Surrogate's Court. Kings County, September 22, 1937.

*Tanner, Sillcocks & Friend* [*Henry J. Sillcocks* of counsel], for the petitioner, Mary Devereux, as administratrix *c. t. a.*

*Anderson, Gasser, Ferris & Anderson,* for The Green-Wood Cemetery.

WINGATE, S. In the opinion of this court, the position of Green-Wood Cemetery is wholly unsound both on the law and on the language of this particular will. The testamentary gift for burial plot upkeep is expressly made only " after my lawful debts are paid," and the final words making the " bequest " a " first charge against my estate " are properly construable only as rendering it such charge against that portion of the estate from which " bequests " are properly payable, namely, the net estate, after payment of debts.

It is entirely true that the " *reasonable* funeral expenses of a decedent " constitute a preferred charge against an estate and are postponed only to expenses of administration (Surr. Ct. Act, § 216; *Matter of Derry*, 161 Misc. 135, 140; *Matter of Schoenfelder*, Id. 654, 655), and that subdivision 3 of section 314 of the Surrogate's Court Act includes a " reasonable " expenditure for perpetual care of burial plot as a funeral expense. (*Matter of Boyle*, 140 Misc. 523, 525; *Matter of Rae*, Id. 530, 531.) The stress throughout the wording of the enactment is, however, placed on the limiting

adjective " reasonable," and in an estate of this size and condition a total for funeral expenses of upwards of $1,000 would be grossly unreasonable. (*Matter of Matyasz*, 151 Misc. 370, 377; *Matter of Derry*, 161 id. 135, 139; *Matter of Amelio*, 153 id. 52, 53.)

It follows, as a practical matter, therefore, that in each particular estate the situation must be analyzed and a sum fixed which is the extreme limit of reasonableness in view of all of the pertinent attendant circumstances. When this point has been reached, the sum thus determined is to be allocated to the various items of funeral expense in the order of their absolute necessity. It will follow in certain situations that the entire " reasonable " amount will be exhausted in performing the office of burial alone with the result that nothing will remain for the defrayal of the cost of the additional items which may permissibly be classified as funeral expenses in an estate possessing more ample means. Even in those cases in which a testator has evinced an unequivocal desire to have a sum in excess of such " reasonable " amount expended in connection with his obsequies, his wish will not be permitted to defeat the rights of his creditors. The authority to direct the devolution of property by will is a limited and conditional one and is exercisable only in respect to the excess of the avails of the estate over the sums reasonable necessary for expenditure in the settlement of his just obligations. In equity the moneys necessary to pay the debts of the decedent belong to his creditors and not to the decedent himself, wherefore he may not be permitted to divert them from those who are in reality their rightful owners.

The court accordingly determines that the legacy in the first item of the will is payable only after administration expenses have been paid and the claims of creditors have been satisfied.

It is the duty of the estate fiduciary to administer the assets of the estate to the best advantage of all concerned. This is his function which the court will not usurp and in respect to which it will decline to give advice not involving legal considerations. (*Matter of Wander*, 141 Misc. 584; *Matter of Ebbets*, 130 id. 250, 253; *Matter of Weissman*, 140 id. 360, 363; *Matter of Lester*, 155 id. 536, 538.) Whether or not it will be for the financial advantage of the estate to accept the sum of $1,200 in settlement of the $1,750 claim against the savings bank is purely a question of business judgment, the decision of which is one of the duties inherent in the office of executor and for the performance of which compensation is claimable by him.

So far as concerns the " proof " of the personal claim of the accountant, the court is unable to concur in the position of her

counsel that the mere inclusion of the items of the alleged obligation in the account is an adequate proof to the surrogate within the contemplation of section 212 of the Surrogate's Court Act. It is willing to concede that *Matter of Porter* (60 Misc. 504), decided twenty-nine years ago at *nisi prius*, held to the contrary, but it is unfamiliar with any precedent to like effect either before or subsequent thereto and the practice prevalent in this court from time immemorial has been diametrically contrary to that therein countenanced.

In the assertion of a personal claim against the estate, the representative is acting in a dual capacity. On the one hand, he is seeking in his own person to secure a recovery from himself as the representative of the estate and to effect a depletion of the assets of the estate. On the other, he is endeavoring as the fiduciary of the assets of the deceased to conserve them for the natural or selected objects of the bounty of the decedent. He is, therefore, in a very real sense, in the former capacity, seeking a recovery against himself, as the executor or administrator of the estate in respect to an obligation of the deceased and his testimony in respect to personal transactions with the decedent thus comes within the express inhibition of section 347 of the Civil Practice Act.

It may be urged that testimony of a witness incompetent under section 347 must be considered if its introduction is permitted, and this is unquestionably so. Such permission is, however, an act of grace which the fiduciary may not be permitted to perform or suffer for his own advantage. It is primary that no fiduciary will be permitted to use his deputed authority for the advancement of his personal ends and that it is his duty to interpose any available defense to an asserted claim under penalty of personal liability in case of default in this regard. (*Willcox* v. *Smith,* 26 Barb. 316, 335; *Matter of Taylor,* 251 N. Y. 257, 264; *Butler* v. *Johnson,* 111 id. 204, 211; *Matter of Milligan,* 112 App. Div. 373, 376; *Matter of Schrier,* 147 Misc. 539, 540; *Matter of Lanza,* 149 id. 95, 97; *Matter of May,* 160 id. 497, 499.) The difference between a failure to interpose an available defense and to object to incompetent proof is one of degree and not of kind and the obligation in respect to the former should, on the basic reason underlying the former, apply equally to the latter.

A further consideration of importance in this connection is that in any proceeding the surrogate is, in effect, an additional party to every litigation affecting the disposal of the assets of the deceased. This conception is evident in innumerable places in the Surrogate's Court Act. Under the system of estate administration in vogue

in this State, he is in effect the ultimate guardian of the property of the decedent and it is his duty, so far as may lie in his power, to see to it that the wishes of the decedent in respect to the devolution of his property shall be respected and effectuated. In those cases in which the appointed custodian of the estate possesses no private adverse interest, reliance may usually be placed upon him to see that this duty is adequately performed. Where, however, as here, an interest adverse to the natural or selected recipients of the testator's bounty is apparent, the active duty devolves upon the court to see to it that such conflicting interest is not validated except upon a demonstration which would or should be required by the fiduciary himself were he not personally interested in the result.

Certain of these considerations were reviewed and an identical result attained in *Keller* v. *Stuck* (4 Redf. 294, 296) and the authorities there cited, and this court deems the principles there enunciated a much safer criterion of action than those applied by Surrogate BECKETT in the *Porter* case.

It follows that on the present showing, the personal claim of the accountant has not been established. " Before the claim of the administratrix can be paid, it must be *proved* to and allowed by the Surrogate. * * * That means that it must be established by *legal* proof. It cannot, therefore, be proved by the testimony of the administratrix herself. * * * Much less can it be proved by her affidavit." (*Keller* v. *Stuck*, 4 Redf. 294, 296. Italics in original.)

Proceed in conformity herewith.