In the Matter of the Estate of TOBIAS RYSHPAN, Deceased.

Surrogate's Court, Kings County, October 24, 1938.

*Schiff & Weiser* [*Louis Weiser* of counsel], for Herman Ryshpan, as administrator, etc., petitioner.

*William C. Chanler, Corporation Counsel* [*Joseph G. De Vito* of counsel], for William Hodson, as commissioner of welfare of the city of New York, objectant.

*Thomas E. White,* for the Fidelity and Deposit Company of Maryland, surety on the administrator's bond.

WINGATE, S. In the opinion of the court, the position of the commissioner of welfare is both correct and incorrect respecting the outlay for the tombstone. This is classified as a funeral expense in subdivision 3 of section 314 of the Surrogate's Court Act, wherefore the position that in an insolvent estate no such expenditure is permissible in any event, is too broad.

The true solution is believed to be that suggested in *Matter of Van Valkenburgh* (164 Misc. 295, 297), namely, that the permissible extent of the classification as " reasonable " for funeral expenses must be determined on the facts of each case and this sum then allocated to the various items in the order of their necessity.

On the facts of the present case, the court determines that a total expenditure of $300 would be reasonable. $147.90 of this sum was expended for the funeral proper. It follows that $152.10 remained available for the tombstone. The sum expended was $357. This was excessive by $204.90, by which sum the account will be surcharged.

The position of the accountant respecting the sums paid for the expenses of the last illness of the decedent is untenable. These claims were merely general obligations of the decedent (*Matter of Mason*, 134 Misc. 902, 904) which would have been payable by him had he lived and constituted enforcible claims against his estate on his death. The payment of such an obligation by a third party results merely in a subrogation of such third party to the rights of recovery which the original obligee possessed. (*Matter of Gentry*, 139 Misc. 759, 772.)

These debts being merely ordinary ones were entitled to no preference in payment over that held by the commissioner of welfare. It follows that all were entitled merely to payment *pro rata* (*Matter of Dimou*, 149 Misc. 83, 85, 86) with the result that the accountant must be surcharged with a sum sufficient to enable him to make a payment to the commissioner of welfare equal to that which the latter would have received had the assets been ratably distributed.

Enter decree on notice in conformity herewith.