W. Vincent Grady, S.
A petition for the judicial settlement of this estate having been filed by the duly qualified executrix, Florence Looker, requesting the court among other things, to determine her personal claim against the estate in the amount of $600 covering money alleged to have been loaned to the decedent, and the matter having come on to be heard before this court on January 21, 1957, and adjourned to February 25, 1957, and the petitioner having been represented by James F. Sheridan, her attorney, of Pawling, New York, and the court having appointed Bernard J. McCoy, Esq., as special guardian for Valdemar Du Bois, an infant residuary legatee, and objection having been made to the payment of this claim of Florence Looker, by said infant through his special guardian, and a hearing on the claim having been held, and testimony having been taken in open court on behalf of claimant and on behalf *108 of the objectant, and after hearing the arguments of respective counsel and after due deliberation thereon, the court finds and decides as follows:
It is well-settled law in this State that the claim of an executor against an estate must be proved and its validity established like any other claim (Surrogate’s Ct. Act, § 212).
Such claim must be established by legal proof and therefore cannot be proved by the testimony of the administrator himself where objection under section 347 of the Civil Practice Act is made (Matter of Porter, 60 Misc. 504).
Presumably, however, the claim can be established by the testimony of the legal representative if proper objection under section 347 is not made (Matter of Brodhead, 19 Misc. 373; Matter of Cosine, 113 App. Div. 22).
In the instant case, Florence Looker, the claimant was permitted without objection to testify that on September 25, 1954, she drew a check on her personal account in the Dover Plains National Bank, to the order of Pawling Motors, Inc., in the sum of $600, and gave it to a representative of Pawling Motors, Inc. Claimant was further permitted to testify without objection that the claim was never paid and that it is still due and owing her from the estate.
Objection was sustained, to claimant’s further testimony concerning her alleged transaction with decedent, but the special guardian brought out on cross-examination that the decedent had no checking account and that the papers for decedent to buy a car were signed in claimant’s home and that claimant gave her check at that time.
On redirect, claimant was permitted to testify without objection that the check she gave was for decedent’s car and was a loan to decedent and has never been paid.
Maurice Aifron, called by claimant, stated that he is an automobile dealer and is president of Pawling Motors, Inc., and that on September 25, 1954, he sold a car to Helen G-. Murphy, the decedent for the sum of $3,078.50. He further testified that he accepted a check of Florence Looker for $600 and made an allowance of $800 covering a car turned over to him by decedent. He said that he was present with the decedent and Florence Looker and overheard their conversation that decent was short $600 on the down payment on the car and that Florence Looker agreed that she would loan her the money needed, and that it' was then that claimant gave him her personal check for $600.
Buth White was then called as a witness for the objectant and testified that she was a sister of decedent and the mother of Valdemar Du Bois, the infant remainderman. She further *109 stated that on September 3, 1954, she borrowed $477.88 from the Personal Finance Co., in Poughkeepsie and gave the money in cash to her sister the decedent Helen G. Murphy toward the purchase of a car. She further testified that the deceased needed more money for the purchase of the car and that Ruth White received a check in the sum of $127 from another sister Mary E. Hill, and gave this check to decedent; making a total of $604.88 turned over to decedent for the purchase of the car.
June Darragh, another witness for objectant, testified that she accompanied Ruth White to Poughkeepsie to get the cash from the Personal Finance Co., and was present when Ruth White turned the money over to decedent.
Based on this evidence, the court finds that it is undisputed that Florence Looker gave her personal check in the sum of $600 to the Pawling Motors, Inc., as part of the down payment on a car purchased by decedent.
It is also undisputed that Ruth White borrowed $477.88 and gave it to decedent together with a check of Mary E. Hill in the sum of $127 toward the purchase price of said car.
However, there was no proof offered to show that decedent had paid the $604.88 so received, or any part thereof to claimant to cover the $600 advanced for the purchase of decedent’s automobile. In fact, no proof was offered to show what decedent did with the cash from Ruth White and the check from Mary E. Hill.
In some cases a plaintiff is obligated by a rule of pleading to allege nonpayment in his complaint, yet is not obligated to prove nonpayment on the trial. An action upon a contract for the payment of money only will serve as an illustration. In such a case, the plaintiff must allege nonpayment in his complaint but the burden of proving payment on the trial is upon the defendant. (Lent v. New York & Mass. Ry. Co., 130 N. Y. 504; Bremer v. Ring, 146 App. Div. 724; 3 Carmody on New York Practice, § 985.)
In Conkling v. Weatherwax (181 N. Y. 258) it was held that in an action upon a contract for the payment of money only, where the complaint does not allege a balance due over and above all payments made, the plaintiff must allege nonpayment in this complaint, but the burden of proving payment is upon the defendant. It is an affirmative defense.
In the instant case, the claimant (plaintiff) is also the executrix (defendant) and alleges that the debt has not been paid. The objectant therefore steps into the shoes of the defendant and has the burden of proof as to payment.
*110 It is the opinion of the court that this burden has not been met with legal evidence. Mere payment of money to decedent is not proof of payment by decedent to claimant.
Claim allowed in full.
Submit decree.