85  485<br>6ap538

CHARLES S. ELLIS, Respondent, *v.* MARY E. FILON and Others, as Executors, etc., of MICHAEL FILON, Deceased, Appellants.

*Claims against a decedent's estate — evidence received by a referee not assumed to have been deemed immaterial — evidence inadmissible under Code of Civil Procedure,* § 829 — *costs under the Code of Civil Procedure,* §§ 1835, 1836 *and* 2718.

Claims withheld during the life of an alleged debtor, and sought to be enforced when death has silenced his knowledge and explanation, are always to be carefully scrutinized, and admitted only upon very satisfactory proof.

It cannot be assumed, upon the review of the decision of a referee before whom a disputed claim against the estate of a decedent was tried, that any of the evidence received upon the trial was deemed by him to be immaterial.

Where the mere fact of a conversation between a claimant against the estate of a decedent and the deceased is a material fact to be proved upon the trial of the disputed claim, the proof of such fact by the testimony of the claimant is inadmissible under the provisions of section 829 of the Code of Civil Procedure.

Where a referee, to whom a disputed claim against the estate of a decedent was referred, finds as a matter of fact that payment of the claim had been unreasonably resisted by the executors or administrators of such decedent, such finding justifies his awarding costs to the complainant under sections 1835, 1836 and 2718 of the Code of Civil Procedure.

APPEAL by the defendant, Mary E. Filon and others, as executors, etc., of Michael Filon, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 12th day of September, 1894, upon the report of a referee.

*Cassius C. Davy,* for the appellants.

*Elbridge L. Adams,* for the respondent.

WARD, J.:

This appeal comes here under section 2718 of the Code as amended in 1893. The plaintiff, within the six months allowed for

presenting claims against the estate of the deceased, presented a claim of $300 for the plans prepared by the plaintiff, at the request of the deceased, for the construction of a building in Rochester.

The claim was rejected by the appellants and an order was made referring it to a referee, under this provision of the Code, who heard the evidence and reported in favor of the plaintiff for the amount of his claim, upon which judgment was perfected, the referee awarding costs to the plaintiff. Upon the trial the plaintiff was sworn in his own behalf. He testified that he was an architect, doing business at Rochester; that he drew the plans; that he did not have them; that the last he saw of them they were in the office with Mr. Filon (the deceased), in June, 1892 ; that the plans were reasonably worth one per cent of the estimated cost of the building which he specified. Then he stated as follows: "I made the preliminary sketches ; Mr. Putnam, who was with me at the time, completed the details; no one else in the office except myself and Mr. Putnam, to my knowledge, worked on these plans; I had a conversation with Mr. Filon about these plans; it was either in May or June, 1892; I had more than one conversation; several; three or four I should think. Q. Did you draw these plans without being requested to do so by any one ? [Objected to (by defendants) as calling for a transaction or communication between the witness and Michael Filon, and as incompetent under section 829 of the Code, it appearing that the witness is interested in the event of the action, and also that the question is improper in form and leading. Overruled, and exception.] A. No, sir. [Defendants' counsel moves to strike out the answer, as incompetent, under section 829 of the Code. Motion denied, and exception.]"

The witness further stated that none of his conversations with Mr. Filon were in the presence of any other person except in one instance. It was after this conceded that Michael Filon died in July, 1893. The only other witness was Mrs. Putnam, the wife of the person who worked with the plaintiff on the plans. She says that she saw them at her house, and on the bottom of the plans there appeared the words "sketch for Mr. Michael Filon." The plaintiff gave no other evidence except the will of the deceased, which was objected to, the 20th clause of which provided that the executors were authorized and directed to erect on Main street in Rochester a

building costing not less than $100,000, to be known as the " Filon Block."

The plaintiff rested, but after resting resumed the case, moved to amend his claim to conform to the proof, thus opening his case. This was denied, and the defendants then moved to strike out evidence on the ground that it involved a personal transaction with the deceased. *First.* The plaintiff's testimony as to the value of the services. No objection appears to be made to this, but the motion was denied. Defendants excepted. *Second.* What the witness Ellis testified to in reference to his having conversations with deceased about the plans. Plaintiff objected to this on the ground that no objection was made at the time, and the motion was made after the close of the plaintiff's case. This was denied, and the defendants excepted.

The grounds of the defendants' appeal are : *First.* That the evidence, as a whole, fails to show any cause of action against the defendants, or any request on the part of the deceased to the plaintiff to make the plans, or facts from which such request might be inferred. And, *second,* that the referee erred in receiving evidence forbidden by section 829, and also in not striking out such evidence. It clearly appears that much of the plaintiff's evidence comes within the spirit if not the letter of the prohibition of section 829, and if this judgment is sustained at all it must be upon such evidence.

From the opinion of the referee and the proceedings on the trial it is evident that the plaintiff was making a constant struggle to maintain his case by proving his personal transactions with the deceased, and he claims upon this appeal that enough of this forbidden evidence was obtained without proper objection to sustain the referee's report. " Claims withheld during the life of an alleged debtor and sought to be enforced when death has silenced his knowledge and explanation are always to be carefully scrutinized, and admitted only upon very satisfactory proof." (*Kearney* v. *McKeon et al.,* 85 N. Y. 139, 140; *Ulrich* v. *Ulrich,* 17 N. Y. Supp. 721, and cases cited.)

The referee finds that this work was done for the deceased by the plaintiff and at the request of the deceased and upon his promise to pay.

We are to assume that the referee in reaching these conclusions

attached importance to all the evidence given. At least, we cannot say that any of the evidence was deemed by him to be immaterial. The evidence that was objected to in time was the question whether the plaintiff would have drawn the plans without being requested to do so by any one. This, in connection with the evidence that had just before that been given, that the plaintiff had had conversations with the deceased " *about these plans,*" was intended to leave the inference to be conveyed by the witness that that request came from the deceased.

The respondent claims that the proof of the fact of having had conversations, without showing what they were, was competent, and cites *Hier* v. *Grant* (47 N. Y. 278). That case does not aid the respondent, as appears by the syllabus that : " The simple proof of the fact that a conversation was had with a deceased person without proof of the conversation itself, is not obnoxious to   *   *   *   section 399 (old Code) unless it may be in a case where the *mere fact of a conversation* is a material thing to be proved."

It was very material for the plaintiff to show in some manner that the deceased recognized the services that the plaintiff claimed to be rendering him, and when, after stating that he had conversations with the deceased about the plans, he then adds, in effect, that he would not have made the plans without being requested by some one to do it, the evidence becomes important.

Standing by itself it is a mere conclusion of the plaintiff's mind, and is incompetent, and should have been rejected for that reason. In any aspect of the case the reception of this evidence was fatal.

The motion to strike out the evidence as to these conversations should have prevailed ; and while, perhaps, it was discretionary with the referee to have denied this motion, he should not have done so.

The referee seemed to rely upon what the plaintiff testified to, that the plans were last seen by him in the office of the deceased.

At no time does it appear that the deceased ever saw them ; how they got there does not appear. If they were delivered to the deceased by the plaintiff, or through his agency, it was a personal transaction excluded by the Code, otherwise, the evidence is of no importance as an admission by the deceased, or as an acceptance of the plans If these plans were simply a " sketch " as they were

marked and submitted to the deceased for further examination or consideration, then the evidence does not aid the respondent.

There was no motion to strike this evidence from the case, and it is there, although probably incompetent, with other incompetent evidence, for what it is worth, and we are confronted with the proposition that, in the face of the policy of the law as indicated in section 829, we must sustain this judgment upon this incompetent evidence.

But assuming that full force is to be given to this evidence as though it were competent, we do not think the findings of the referee are sustained by the evidence as to the plaintiff's employment by the deceased, especially when judged with the scrutiny that such cases demand.

Objection is also made to the referee's direction that the plaintiff recover costs. We see no objection to this if the judgment could otherwise be sustained. The referee found as a matter of fact that the payment of the claim has been unreasonably resisted by the defendants; this finding justified his conclusions as to the costs under sections 2718, 1835 and 1836 of the Code of Civil Procedure.

The judgment must be reversed, and a new trial ordered before another referee, the costs to abide event.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.