(38 App. Div. 140.)

MOSES v. HATCH et al.

(Supreme Court, Appellate Division, First Department. March 10, 1899.)

WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENT.
 In an action to recover for services rendered to defendant's testator, the complaint alleged employment at the rate of $3,000 a year, payable from month to month. Plaintiff testified as to the character of the business of the testator, and that his own work was keeping his books, keeping track of contracts, renting houses, buying and selling property for the decedent, and working on leases. *Held* that, while plaintiff was competent to testify as to certain acts which would not directly prove or inferentially establish a personal transaction with the deceased, the evidence admitted was incompetent, under Code Civ. Proc. § 829, relating to transactions with decedents.

Appeal from trial term, New York county.

Action by Charles H. Moses against Albert H. Hatch and another. Judgment for plaintiff, and from the same, and an order denying a new trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Artemus B. Smith, for appellants.
William W. Niles, for respondent.

PATTERSON, J. This action was brought to recover a balance of moneys claimed to be due for work, labor, and services alleged to have been rendered by the plaintiff to the defendants' testator between the 1st of August, 1879, and the 20th of February, 1896. It is stated in the complaint that such services were of the value of $49,750, or at the rate of $3,000 a year, and that the testator had "promised to pay that sum to the plaintiff from month to month"; that $22,076 was paid on account thereof, and that there still remains due a balance of $27,722, with interest. The defendants, in their answer, admit that during the period mentioned in the complaint the plaintiff performed "some work," labor, and services for their testator; but they set up that they have no knowledge or information sufficient to form a belief as to the truth of the allegation of the complaint that such work, labor, and services were of the value mentioned in the complaint, or of any value over the amount the plaintiff had been paid by their testator, as stated in the complaint. On the trial of the cause the plaintiff had a verdict for $10,000, and from the judgment entered thereon, and from an order denying a motion for a new trial, this appeal is taken.

It is quite apparent from the proofs that the finding of the jury must have been based upon the plaintiff's own testimony respecting

the character and extent of the services he claimed to have performed for the defendants' testator. He was permitted, under objection, to testify to the general nature of the services for the value of which he sued. As the issue was framed, it became necessary for him to show the full extent of those services. The admission of the answer that some work was done was not one either of the character or extent of such services, or of an employment to render all the service the plaintiff claimed to have performed. The plaintiff alleged an express promise to pay at the rate of $3,000 a year, "from month to month," and, before he could prove value, it was necessary for him to show what work he had performed, and all the service he rendered, and for which he sought or claimed compensation. He testified that he was a bookkeeper, and, in a general way, an agent, of the testator for a period of about 18 years; that during that time the testator, who was his uncle, had various places of business in New York City and in Brooklyn; that he continued in the office of the testator in those places; and he was then asked what he did in those offices. That was objected to as being incompetent, under section 829 of the Code of Civil Procedure. He was permitted to answer, the court suggesting that, if what were shown by the answer amounted to a transaction with the deceased, the defendants might move to strike it out; whereupon the plaintiff testified that "William Moses' [the testator's] business was speculating in provisions and stocks, handling real estate of his own. He owned at one time, while I was with him, twenty houses; possibly more. He did business as executor for other people who owned real estate. He also built buildings during that period. From 1880 to 1890 I was keeping the books, keeping track of contracts, attending to reports of houses, renting houses, sometimes buying property, sometimes selling property, and working at contracts, deeds, and leases. The books I kept were those that are required in an office, and also all his transactions." He was then asked: "Q. State what you were doing. Don't use your uncle's name at all. A. The cash book, ledger, note books, check books, and books of that character." This was also objected to. He then said: "I had very little to do with other people's books and accounts. I had some business. Q. With regard to other people than Mr. Moses?" That question was objected to as incompetent, under section 822 of the Code of Civil Procedure, but the witness was permitted to answer. He then proceeded to give details of further services that he rendered, the length of time he was occupied during the office hours in the testator's office, and, after all this testimony was given, a motion was made by the defendants' counsel to strike it out, which motion was denied. It is beyond controversy that all this testimony, emanating from the plaintiff himself, directly established the character and general nature of important services rendered by him to the defendants' testator. Doubtless the plaintiff was competent to testify to certain acts which would not directly prove or inferentially establish a personal transaction with the deceased, but, as was said in Lerche v. Brasher, 104 N. Y. 164, 10 N. E. 61: "If the employment or request in any manner or to any extent rested upon an inference drawn from the character of the acts done, the evidence would be incompe-

tent;" and it was held in Re Humfreville, 6 App. Div. 535, 39 N. Y. Supp. 550, that section 829 of the Code of Civil Procedure prohibits direct and indirect testimony relative to a personal transaction with a deceased person.   The admission of the answer in this case did not relieve the plaintiff from the obligation of proving that all the services he rendered were pursuant to an employment.   It is not to be construed as an admission dispensing with proof by the plaintiff of his employment.   It is an admission that the plaintiff did some work, for which he was fully paid.   It is not an admission that he was employed to do work under a contract to pay at the rate of $3,000 a year.   The fact of employment was in issue.   The plaintiff sought to establish it by an inference to be drawn from the character of the work he did.   It is true, the evidence as to the work did not necessarily, and in respect of everything the plaintiff did, import a personal transaction with a deceased, in the sense of a direct communication between parties.   As was said in Clift v. Moses, 112 N. Y. 435, 20 N. E. 392, "The questions do not, on their face, call for a disclosure of a personal transaction of the witness' with a deceased; but (to quote further from the case last cited) "it has been held with general uniformity that the section [829] prohibits, not only direct testimony of the survivor that a personal transaction did or did not take place, and what did or did not occur between the parties, but also every attempt by indirection to prove the same thing, as   *   *   *   by disconnecting a particular fact from its surroundings, and permitting the survivor to testify to what, on its face, may seem an independent fact, when in truth it had its origin in, or directly resulted from, a personal transaction."   The plaintiff attempted, by this testimony, to prove the independent facts of services rendered; but from those independent facts the inference of employment to render all those services might be drawn, and that employment constitutes a personal transaction.   We think that it comes within the prohibition of the statute.   The right to recover is based upon an allegation of an express promise to pay at a certain rate "from month to month," and on the trial the plaintiff acknowledged that the burden was upon him to prove employment, and the case was tried upon that understanding.

Without considering other exceptions appearing in the case, we think, for the reason above stated, the judgment and order must be reversed, and a new trial ordered, with costs to appellants to abide the event.   All concur; INGRAHAM, J., in result.