---

(75 App. Div. 339.)

### In re SMITH.

(Supreme Court, Appellate Division, Second Department. October 10, 1902.)

1 WILLS—EXECUTORS—ERECTION OF MONUMENT—WISHES OF TESTATOR—EVIDENCE.

Where, on the accounting of an executor, a residuary legatee claimed a monument erected by the executor had been unwarranted, in view of the meager nature of the estate, in determining the wishes of the testator, the language of the will being unambiguous, it was error to admit other evidence as to statements of the testator, etc.

2. SAME.

It was error to admit the testimony of the executor as to statements to him by the testator, such testimony being incompetent, under Code Civ. Proc. § 829, as calling for a communication with a decedent.

3. SAME—MONUMENTS—UNWARRANTED EXPENSE.

Where an estate was not worth over $2,410, and the will provided for a "suitable" monument, the erection by the executor of a monument costing $1,050 was unwarranted.

4. SAME—CLAIM BY EXECUTOR.

Code Civ. Proc. § 2731, authorizes an executor, on the settlement of his account, to prove any debt owing him by the decedent. *Held,* that an allowance in favor of an executor of a claim against his testator's

---

¶ 3. See Executors and Administrators, vol. 22, Cent. Dig. §§ 436, 756.

estate, consisting of a note, the only proof being a verified claim by the executor, was error, the verification being incompetent as evidence under Code Civ. Proc. § 829, relative to testimony as to communications with a decedent.

Appeal from surrogate's court, Suffolk county.

Proceedings on the accounting of Charles R. Smith as executor of David C. Smith, deceased. From the decree, Julia A. Betts, the residuary legatee, appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Walter H. Jaycox, for appellant.
Timothy M. Griffing, for respondent.

HIRSCHBERG, J. The entire estate of the deceased amounted to only $2,410, and the executor has expended the sum of $1,050 for a monument and the expenses incidental to lettering, setting, and fencing it. The excuse presented for this extravagant outlay is that the wishes of the testator as expressed in the will and during his lifetime could not be carried out for less money. In determining the testator's wishes we are limited to the language of the will. The will being entirely clear and unambiguous in its terms, there was neither necessity nor justification for resorting to extrinsic evidence. But on the hearing the executor was not only permitted to produce witnesses to testify that the deceased had said in his lifetime that he was going to put the whole of his property in a monument, but the executor himself was permitted to testify in his own behalf to conversations with him in which he said that he did not care if his monument took the whole of his property; that he wishes to astonish the people. The evidence of the executor was properly subject to the additional objection taken by the contestant that it was incompetent under section 829 of the Code of Civil Procedure, and its admission constituted reversible error. The language of the will was explicit. The executor is merely authorized and empowered to purchase and erect in the testator's burial plot a monument of New England granite of sufficient size to cut thereon a dozen names mentioned in the will, with dates of birth and death, and also to erect a suitable and proper fence around the plot, with granite posts. There was evidence that this could have been done at a very considerable less expenditure than that which has been actually incurred, and it was the duty of the executor to see that the work was performed within the limits for such a purpose which the law imposes in the case of a small estate. The use by the testator of the words "suitable and proper" indicates a comprehension of the propriety of limiting the expenditure to an amount proportionate to his means and station. It is conceded that the charge made is reasonable for the material furnished and the work done, but the objection is,—and it appears on the record to be a valid one,—that the expenditure has been incurred without regard to the meager nature of the estate and the rights and interests of the residuary legatee. It is unnecessary to

cite the many decisions which condemn the sacrifice of the estate for the purpose in question. In Emans v. Hickman, 12 Hun, 425, the testator left his entire estate to his executor in express terms for his funeral expenses and the erection of a monument to his memory. No other disposition was made of the estate by the will. The estate amounted to $1,200, and the general term in this department held that it was not the intention of the deceased to devote his entire estate to the purposes named, but only that reasonable amount which the law sanctions in view of his position in life and the extent of his property, and affirmed a decree fixing the sum of $150 as the limit to be expended for the monument. See, also, Ferrin v. Myrick, 41 N. Y. 315, 318; Owens v. Bloomer, 14 Hun, 296; In re Shipman, 82 Hun, 108, 115, 31 N. Y. Supp. 571; Code Civ. Proc. § 2749.

The executor also sought to prove on the accounting a debt owing to him by the deceased. This he was entitled to do by the terms of section 2731 of the Code of Civil Procedure. The greater part of the debt consisted of a promissory note which he claimed to hold against the testator as maker. The learned surrogate permitted the proof to rest upon a copy of a verified claim made by the executor against the estate, and found in favor of the claim upon the mere proof of its presentation. The note was not produced, the signature of the deceased as maker was not proven, nor was any legal evidence offered in support of the existence or validity of this part of the debt. In Re Humfreville, 6 App. Div. 535, 39 N. Y. Supp. 550, it was held that claims against the estate of a decedent, when presented by an executor or administrator, should not be allowed except upon the clearest legal proof, and where the facts upon which the claim is based are established by very satisfactory evidence. Here there was no legal evidence whatever, the executor's verification being incompetent as evidence under section 829 of the Code of Civil Procedure, if for no other reason.

The decree of the learned surrogate should be reversed in the two respects considered, with costs to be paid by the respondent, and the proceedings remitted to the surrogate for further action. All concur.