MARTHA A. GAINES, Individually and as Executrix, etc., of ABIGAIL ANN HUYLER, Deceased, Appellant, v. FRANK DeK. HUYLER and Others, Individually and as Executors, etc., of JOHN S. HUYLER, Deceased, and Another, Respondents.* — Judgment affirmed, with costs, and this court makes a further finding in support of the judgment that the trust in the stock in question existing in John S. Huyler, as executor and trustee under the will of David Huyler, deceased, was repudiated by him, and title and ownership therein claimed by him individually on August 4, 1885, and that plaintiff had knowledge of such repudiation and claim of title and ownership more than ten years prior to the commencement of this action. We are of opinion that this action is not based upon fraud, but is one to recover property belonging to the estate of David Huyler, and that the burden of proof was upon the defendants to establish the fact that John S. Huyler repudiated his trust with knowledge thereof on the part of plaintiff more than ten years before the commencement of the action. We are also of opinion that that burden was sustained and that fact established by the evidence. Manning, Kelby and Young, JJ., concur; Kelly, P. J., concurs as follows: I concur in the result, but I

---

* For the opinion of Special Term, see 113 Misc. Rep. 188.— [REP.

go further than the majority of the court. In my opinion the evidence in the case justifies a finding of fact that David Huyler did not own the fifty shares of stock represented by certificate No. 2 at the time of his death. I think the transactions in evidence on June 9 and 10, 1885, show that David Huyler at that time transferred this stock to his son John S. Huyler as indicated by the transfer indorsed upon the certificate, and that delivery was then and there made. The other stock transactions on that day, the subsequent management of the business, the accounting of John S. Huyler, executor, in 1902, consented to by the plaintiff, and her acquiescence in the existing condition for thirty-two years, make any other conclusion impossible. The plaintiff waited to commence her action and make this unjust attack upon her brother's memory, until death has closed his lips and also removed the lawyer who supervised the transaction and the other witnesses familiar with the facts. She should not escape the reasonable and fair inferences from the books and records remaining and the facts in evidence. I, therefore, vote to reverse the 30th finding of fact of the learned trial justice, and for a finding by this court that David Huyler did not own the fifty shares of stock on the date of his death. Kapper, J., dissents, and votes to reverse the judgment and for a new trial, on the ground that the evidence does not justify the conclusion that there was a repudiation of the express trust by defendant John S. Huyler which in any way was binding on the plaintiff, and on the further ground that the defendants upon whom rested the burden of proving the running of the Statute of Limitations failed to establish such defense. Settle order on notice.