ALBERT I. COLLENS, Respondent, v. PHILIPSBORN'S, INC.,
Appellant.

*Set-off — assignment — right of set-off defeated by assignment of demand
of opposite party before maturity of claim.*

Collens v. *Philipsborn's, Inc.*, 209 App. Div. 483, affirmed.
(Submitted December 16, 1924; decided January 21, 1925.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered June 11, 1924, modifying and affirming as modified
a judgment in favor of plaintiff entered upon a verdict
directed by the court. The action was to recover for
goods sold and delivered to defendant, the claim for
which plaintiff held by assignment. The question on
appeal was whether defendant was entitled to assert, as
against plaintiff, a counterclaim for the amount of an
extra discount to which it was entitled under its contract
with the vendor but which had not matured at the
time of the assignment.

*M. A. Willment* for appellant.
*David M. Palley* for respondent.

Judgment affirmed, with costs; no opinion.
Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE,
ANDREWS and LEHMAN, JJ. Absent: MCLAUGHLIN, J.

---

MARTHA A. GAINES, Individually and as Executrix of
ABIGAIL A. HUYLER, Deceased, Appellant, v. FRANK
DE K. HUYLER et al., Individually and as Executors
and Trustees under the Will of JOHN S. HUYLER,
Deceased, et al., Respondents.

*Limitation of actions — action to recover certificate of stock and for
accounting as to dividends — when barred by Statute of Limitations.*

Gaines v. *Huyler*, 206 App. Div. 777, affirmed.
(Argued December 17, 1924; decided January 21, 1925.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,
entered September 12, 1923, affirming a judgment in
favor of defendants entered upon a dismissal of the

complaint by the court on trial at Special Term. The action was to recover fifty shares of the capital stock of the corporation known as "Huyler's," which were issued to David Huyler, now deceased, on the 7th day of June, 1881. The plaintiff, daughter of David Huyler, alleged in her complaint that this stock was the property of her father at the time of his death, July 19, 1885, more than thirty-two years prior to the commencement of this action; that under the terms of his will, of which her brother, John S. Huyler, was the executor and trustee, her mother had a life estate in the property; that on her mother's death the property descended to her; that her brother, John S. Huyler, who was the trustee of his father's will, failed to account for the stock in his lifetime, and that the defendants, who were his sons and the trustees under his will, are in possession of said certificate. The relief which she asks is that it be decreed that John S. Huyler's legal representatives be compelled to surrender the certificate to her and that they be required to account to her for the dividends thereon. The defendants contended that David Huyler was not the owner of the certificate in question at the time of his death; that prior to his death he transferred it to his son, John S. Huyler, their father, and that under the terms of the will of John S. Huyler the title to the property vested in them. The defendants also pleaded the Statute of Limitations. The trial justice and Appellate Division held that the action was barred by the Statute of Limitations.

*John J. Crawford* for appellant.

*Nathan L. Miller* and *Kenneth McEwen* for Frank De K. Huyler et al., respondents.

*Edmund L. Mooney, John D. Beale* and *Douglas Nicholson* for respondent David Huyler.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ. Absent: McLAUGHLIN, J.