In the Matter of the Estate of SOLOMON KAHN, Deceased.

Surrogate's Court, Kings County, June 16, 1931.

*Brecher & Krulewitch*, for the administratrix.

WINGATE, S. This is an accounting upon an insolvent estate. The administratrix, who is a daughter of the deceased, seeks to have all of the assets awarded to her personally by reason of two alleged preferred claims, the first for services alleged to have been rendered by her during the lifetime of the deceased, and the second for services in the continuance of the business after his death. It does not definitely appear whether the latter was subsequent to her appointment as administratrix, but the natural inference is to that effect.

The claims which have been allowed by the administratrix, aside from her own, amount to considerably more than the entire assets of the estate.

On the return of the citation, no parties appeared other than the administratrix and the testimony in support of her alleged claim was taken *ex parte*. No witnesses were called other than the claimant herself. She testified to the rendition of the services both before and subsequent to the death of the intestate. The former were clearly personal transactions with the decedent concerning which the claimant was an incompetent witness under section 347 of the Civil Practice Act.

Section 209 of the Surrogate's Court Act provides that on a judicial settlement of his account an administrator may prove his claim against the estate. Obviously, the proof required is competent, legal proof, such as would be required of any other claimant. In *Matter of Humfreville* (6 App. Div. 535) the court

said (at p. 538): "The general rule now seems to be established that such claims should not be allowed, especially when presented by an executor or administrator, except upon the clearest legal proof, and where the facts upon which the claim is based are established by very satisfactory evidence."

In *Matter of Smith* ('75 App. Div. 339) the Appellate Division of this Department cited and followed the *Humfreville* decision, further saying (at p. 341): "Here there was no legal evidence whatever, the executor's verification being incompetent as evidence under section 829 of the Code of Civil Procedure, if for no other reason."

Section 829 of the Code was the forerunner of the present section 347 of the Civil Practice Act, for which reason this case is a direct authority against the propriety of allowance of the claim in the case at bar.

The fact that the testimony was adduced without objection — no other party to the proceeding being present — is immaterial, since it was the duty of the administratrix to interpose all proper objections to the allowance of her own claim as well as those of other creditors. (*Matter of Brown*, 77 Misc. 507, 511; *Butler* v. *Johnson*, 111 N. Y. 204, 212.)

It follows, therefore, that the personal claim of the administratrix for services rendered to decedent prior to his death must be disallowed.

The second portion of her claim for services in the continuation of the business after the death must also be disallowed. There is no authority in law for the continuance of a decedent's business by an administrator in any event (*Matter of Glass*, 134 Misc. 291; *Matter of Gorra*, 135 id. 93, and cases cited in both opinions), but even if there were, the only compensation allowable for such services is the statutory commissions of the representative. (*Matter of Sharp*, 140 Misc. 427, and cases cited.)

It follows, therefore, that the personal claim of the administratrix must be wholly denied. Any assets of the estate remaining after payment of commissions and administration expenses will be distributed *pro rata* among the creditors whose claims have been proved and not released.

Proceed accordingly.