Donald P. Gorman, J.
This is a proceeding under article 79 of the Civil Practice Act for the judicial settlement of the account of the surviving trustee of an inter vivos trust and for a direction of the court as to its rights in regard to the use of trust assets in accordance with the terms of the trust agreement.
This is the third proceeding brought in this court in connection with this trust agreement. The first of these was commenced in 1949 and resulted in a judgment and decree dated April 6,1950, and entered in the office of the Clerk of the County of Onondaga on June 14, 1950. The second proceeding was held in 1953 and resulted in a judgment of the court dated August 3, 1953, and entered in the clerk’s office on August 18, 1953.
The guardian ad litem for certain infants, including three of the present income beneficiaries, has raised the following objections :
1. That paragraph 1 of the trust agreement providing for the creation of a sinking fund as a reserve against a depreciation in the value of the real estate is illegal and improper as it constitutes an invalid accumulation of income within the meaning of section 61 of the Real Property Law;
2. That the judgment of this court entered June 14, 1950, providing for the continuation of this sinking fund and directing the trustee in its management, is not binding upon the wards whom he represents;
3. That the request of the petitioner-trustee for authority to use the principal of the sinking fund to discharge, in whole or in part, the mortgage indebtedness that constitutes a lien upon the real estate which forms the principal asset of the trust corpus in accordance with the authorization contained in the trust agreement should he denied as violative of section 61 of the Real Property Law.
"Where a trustee holds a mortgage on improved real estate, it is evident that the improvement will gradually deteriorate, and so in a sense a substantial portion of the underlying security is a wasting asset. In the majority of cases, prudence would indicate that, as the asset deteriorates, the trustee should obtain *851 payments in reduction of, or an amortization of, the principal sum. Conversely, the same principle was applicable to the creation and perpetuation of the existing reserve and the previous use thereof, it appearing that the then interests of the children, grandchildren or great grandchildren were identical as income beneficiaries and as remaindermen.
The prior decrees are conclusive against the parties as to matters or items embraced in the accounts previously approved (Matter of Hubbell, 302 N. Y. 246; Thorn v. De Breteuil, 179 N. Y. 64; Civ. Prac. Act, § 1311). Such approval, however, is not res judicata as to the present objection to the requested authorization to discharge the mortgage by payment from this reserve. The question is whether the application of rental income from a lease to the payment of an incumbrance constitutes an addition to the corpus or an accumulation under section 61 of the Beal Property Law.
Ordinarily, income is something produced by capital which leaves the capital unimpaired. As a legal concept, it implies a severance from capital and not merely a capital increment. Its usual signification is net in this type of case after subtraction of expenses necessary to preserve the corpus.
Many authorities have either directly sustained or have conceded the right of an authorized trustee reasonably to reserve income against reduction of future income where such income would presently be chargeable with such loss. Generally, the exercise of such express right has not been deemed violative of similar restrictive statutes. (See 33 Am. Jur., Life Estates, Remainders, etc., § 290; Matter of Nesmith, 140 N. Y. 609; Matter of Kaplan, 195 Misc. 132; Matter of Abeloff, 108 N. Y. S. 2d 39.) The amount to be withheld is at all times subject to the control of the court.
The invalidity of the application of income toward paying off of capital indebtedness has been demonstrated in many cases. (Hascall v. King, 162 N. Y. 134; Thorn v. De Breteuil, 179 N. Y. 64, supra; Matter of Kaiser, 58 N. Y. S. 2d 787; Matter of Danziger, 58 N. Y. S. 2d 790, mod. on other grounds 271 App. Div. 888; Matter of Adler, 164 Misc. 544; Guaranty Trust Co. v. Halsted, 245 N. Y. 447; Matter of McLaughlin, 164 Misc. 539.)
The petitioner recognizes the existing rule and suggests that the recognized reserve has lost its character as income and, in effect, is now principal which may be used in accordance with the direction of the settlor. An obvious difficulty with such position is that the legislative policy against accumulations of income is applicable to any income retained for the deliberate *852 purpose of addition to corpus or principal. The suggestion is, in effect, precisely the same as if the settlor had unequivocally required the trustee to directly apply the income to increase the principal of the trust. The statute intends that income must be used as it accrues and not to build up future estates where some of the beneficiaries are adults. (Matter of Fischer, 307 N. Y. 149.)
Whether or not depreciation moneys should be deemed principal or income appears to be dependent upon the relevant circumstances. (See Matter of Hubbell, 302 N. Y. 246, 260.) Here the original asset is a commercial building producing substantial income from a long-term net lease. The mortgage is held by a living beneficiary. No pressing reason for present payment of the lien appears sufficient to establish restriction of purpose to the preservation of corpus or increased efficiency for earning purposes.
The function of the court is to construe and interpret the law as enacted and to apply the same. “ It is for the Legislature to decide whether or not to overhaul these settled rules, after hearing both sides, and after considering the interests of the general public ”. (Martin v. Curran, 303 N. Y. 276, 282.)
The statute is too comprehensive in its terms to allow of a case being excepted from its operation upon the distinction sought for herein. The prohibition is against all directions whereby the beneficial enjoyment of the income would be postponed. It is thought that this is such a case.
The objection to the requested authorization is upheld. The other objections are overruled.