John D. Bennett, S.
In this accounting proceeding the executors seek a direction permitting the trust beneficiaries to recoup from principal certain undistributed income retained by various partnership or .syndicate interests owned by the estate. They also seek a construction that such beneficiaries are entitled to income accrued at the decedent’s death.
The undistributed income represents reserves for depreciation, money paid out in amortization of mortgages, and simply undistributed earned income of the various entities.
The special guardians oppose the relief requested primarily on the ground that unless and until distributions are actually made by the partnerships or syndicates and payments are received by the executors or trustees, any question of allocation between principal and income is premature. The court is in agreement with the special guardians.
It is conceded that were the real estate interests owned individually by the estate, the executors and trustees could not, in the absence of specific authority, retain income as a reserve against depreciation (Matter of Schnur, 39 Misc 2d 880; Matter of Herz, 7 Misc 2d 217). Moreover, amortization payments *669 would be chargeable to principal and could not be paid from income under such circumstances (Matter of James, 6 Misc 2d 849). Here, however, as pointed out by the special guardians, the estate is only part of a larger entity which has decreed the policy that reserves be established, amortizations be deducted from gross income, or earned income not be distributed.
The executors have attempted to say in one breath that the entities or ventures are partnerships, but that nevertheless each partner holds title to a part of the real estate. They have not sought to clarify this position by any documents or proof evidencing the true nature of the ‘ ‘ syndicates ” or “ ventures ’ ’ or “ partnerships ”.
In a true partnership a partner’s right in real estate owned by the partnership is considered personalty, and a partner has no personal right in any specific partnership property (Weisinger v. Rae, 19 Misc 2d 341, 349, and cases cited). While the case of United States Trust Co. v. Heye (224 N. Y. 242) concerned a corporation, the principles involved appear analogous. At page 254 of that case, the Court of Appeals stated: “ The fundamental principle involved in these questions is whether there has been a distribution or division of the earnings, profits or accumulations of the corporation. Until there has been such division, the life tenant is not entitled to any increase in the value of the principal of the trust fund ” (see, also, 13 A. L. R. 1004, supplemented in 56 A. L. R. 1315, 81 A. L. R. 542, 153 A. L. R. 491).
Although the testator did specifically provide in his will against the establishment of reserves for depreciation, there is no provision authorizing the drastic measure of invading principal to equalize an alleged wrong inflicted on income by an outside entity in which this estate has only a partial interest. If anything, the argument is with the investments themselves and not with allocation of funds not received.
Of the three primary income beneficiaries (the decedent’s widow, brother and adopted daughter), only in the case of his wife did the testator provide for an invasion of principal in the event she received less than $18,000 per year in income. While the executors deem such observations “ irrelevancies ”, it is nevertheless true that the trust for the widow has produced income in excess of the $18,000 figure and that the real estate partnership interests, as computed by one of the special guardians, have managed to produce a very substantial return on the capital invested. One of the duties of trustees is to be impartial in their investment policies >so as to favor neither income nor principal (3 Scott, Trusts [2d ed.], § 232). Here *670 the executors and trustees are apparently concerned that principal is being favored over income. However, in view of the very favorable return realized by income from the partnership interests, it would appear such concern is somewhat misplaced.
On the basis of the facts and records presently before the court, the executors ’ request that principal be charged with the stated amounts retained by the various partnership or syndicate interests is denied.
Since there is no contrary direction either express or implied in the will, the executors are required to allocate to principal all income accrued to the decedent’s date of death aggregating $8,099.79 (Surrogate’s Ct. Act, § 204; Personal Property Law, § 17-e).
The personal claim of Allan Altman, one of the executors, reported in Schedule D-II is disallowed. The competent evidence adduced at the hearing does not satisfy the requirement that in claims against decedents’ estates the proof be clear and convincing. Since the aforesaid executor would have been an incompetent witness at the trial, his affidavit in support of his claim may not be considered (CPLR, 4519).