William F. Christiana, Acting Surrogate.
Objections to the final account of the administratrix in this proceeding have been *1093 filed by Dorothy May, a niece and a distributee of decedent. Decedent and the administratrix were brother and sister.
Objectant claims that a certain parcel of real property, consisting of two adjoining pieces of land located in the Town of Hillsdale, should have been included as an asset of decedent’s estate. Situate on the realty is a year-around dwelling house. The administratrix claims title to the realty as a gift by virtue of a certain unrecorded deed dated February 7, 1964 and acknowledged May 26,1964, made by the decedent in his lifetime as grantor to the administratrix as grantee. The deed was removed by Mrs. Hayes from a safe-deposit box registered in the joint names of the decedent and the administratrix in a Great Barrington, Massachusetts bank, following Mr. Kennedy’s death.
Objectant also resists the allowance of a personal claim for moneys allegedly loaned by the administratrix to her brother in his lifetime in the sum of $500.
Finally, objectant claims that the fees of the attorney for the administratrix are excessive and unreasonable.
A hearing was held on the objections. The only witness called was the administratrix who was sworn by the attorney for the objectant.
We consider first whether there was a valid gift of the realty in dispute.
A threshold question arose on the hearing as to whether the administratrix was competent to testify as to conversations had with the deceased relating to the deed in question. (CPLK. 4519, formerly Civ. Prac. Act, § 347.) The court ruled at the time that such testimony was admissible on the ground that the witness was not making a claim against the estate. Such ruling is hereby reversed and all testimony relating to such conversations had with the decedent must he stricken from the record and be given no consideration in determining the issues involved. The case falls squarely within the holding made by Surrogate Wingate in his decision in Matter of Van Valkenburgh (164 Misc. 295, 298): “ In the assertion of a personal claim against the estate, the representative is acting in a dual capacity. On the one hand, he is seeking in his own person to secure a recovery from himself as the representative of the estate and to effect a depletion of the assets of the estate. On the other, he is endeavoring as the fiduciary of the assets of the deceased to conserve them for the natural or selected objects of the bounty of the decedent. He is, therefore, in a very real sense, in the former capacity, seeking a recovery against himself, *1094 as the executor or administrator * * * and his testimony in respect to personal transactions with the decedent thus comes within the express inhibition of section 347 of the Civil Practice Act.” (See, also, Matter of Quant, 187 Misc. 142; Matter of Siegel, 44 Misc 2d 668, 670.)
Disregarding the testimony of the administratrix as to personal transactions with the deceased, the question narrows then to whether an unrecorded deed, executed and acknowledged by decedent prior to his death, found in a safe-deposit box leased in his name and in the name of his grantee jointly, constitutes sufficient delivery to perfect a gift. If a gift is to be found, it must be a gift inter vivos. There can be no gift causa mortis of real property. (25 N. Y. Jur., Gifts, § 32, p. 175.)
As was reiterated in the Matter of Kaminsky (17 A D 2d 690, 691): “ £ He who attempts to establish title to property through a gift inter vivos as against the estate of a decedent takes upon himself a heavy burden which he must support by evidence of great probative force, which clearly establishes every element of a valid gift’. (Matter of O’Connell, 33 App. Div. 483; Matter of Kimmey, 273 App. Div. 142; see, also, Rosseau v. Rouss, 180 N. Y. 116, 121.) ”
The burden of proof is definitely on the person claiming as donee. (Matter of White, 148 Misc. 740; Matter of Malysiak, 15 A D 2d 586 and cases cited therein; Matter of McCarthy, 164 Misc. 719, affd. 254 App. Div. 827.)
It has been said that where a gift is not asserted until after the death of the donor, it should be ‘ ‘ supported by evidence of the highest probative force ”. (Matter of Seigler, 49 Misc. 189, 191; De Puy v. Stevens, 37 App. Div. 289, 291.)
The entire gamut of the applicable law was succinctly stated in Matter of Green (247 App. Div. 540, 543-544):
‘ ‘ While the law recognizes the right of every man to dispose of his property, whether by donation or otherwise, as and when he desires, there are certain well-recognized elements to a valid gift inter vivos, without which such a gift cannot be established. These essentials are set forth in Matter of Van Alstyne (207 N. Y. 298, 306); Beaver v. Beaver (117 id. 421, 428), and kindred cases, and need not be restated in detail here. * * *
“ To establish a valid gift, it must appear that there was a delivery of the property to the donee with an intent upon the part of the donor to immediately divest himself of all title and right thereto, and the evidence must be inconsistent with any other design on his part. The donor must release all control over the property. A gift to take effect in the future is void *1095 as a promise without consideration. (Matter of Bolin, 136 N. Y. 177, 180; Gannon v. McGuire, 160 id. 476, 481; Curry v. Powers, 70 id. 212, 217; Gilkinson v. Third Ave. R. R. Co., 47 App. Div. 472, 473; Rosenburg v. Rosenburg, 40 Hun, 91, 96).”
To constitute delivery, the grantor must relinquish all possession and control over the property and retain no power to revoke or recall it. (Rochester Sav. Bank v. Bailey, 34 Misc. 247, affd. 70 App. Div. 622; Beaver v. Beaver, 117 N. Y. 421, 429; Vincent v. Rix, 248 N. Y. 76, 83.) Here, the grantor was at liberty at any time to remove the deed from the safe-deposit box and destroy it. He virtually deposited the deed with himself. He retained it as his own possession. (Ford v. Gale, 155 App. Div. 675.) The fact that the box was registered in the joint names of the administratrix and the decedent negates the idea of a complete delivery. In fact, joint custody negatives any idea of a gift. (Young v. Young, 80 N. Y. 422; see, also, dissenting opinion of Judge Rippey in Matter of Kelly, 285 N. Y. 139, 150.) Joint custody is indicative of the fact that the decedent grantor had not relinquished complete dominion and control over the property. Joint possession in the donor and donee creates no gift. (Matter of Van Alstyne, 207 N. Y. 298.)
Even if the testimony of the administratrix were to be considered competent, in my opinion on the submitted record, there would still be insufficient evidence to sustain a gift of the real property in question.
The attorney for the administratrix relies heavily on the case of Strough v. Wilder (119 N. Y. 530) which holds that possession of the deed is prima facie evidence of delivery where there is nothing to question the bona fides of such delivery. In that case, however, delivery was satisfactorily proved. Here, such delivery is not. Delivery is never presumed. (Matter of Brown, 130 Misc. 865, 872; Matter of Bolin, 136 N. Y. 177; Matter of Loewi, 75 Misc. 57; Newell v. National Bank of Norwich, 214 App. Div. 331; Gaines v. Huyler, 113 Misc. 188, affd. 206 App. Div. 777, affd. 239 N. Y. 611.)
In my judgment, from the authorities cited above, there is insufficient and unsatisfactory proof of an inter vivos gift of the real property under dispute. It follows that the objection to the account marked and numbered “ 1 ” must be sustained and allowed.
Turning next to the claim of the administratrix for the sum of $500, allegedly representing a loan to decedent, neither counsel objected to the testimony of Mrs. Hayes on that issue. It has been held that the failure to object constitutes a waiver thereof.
*1096 (Matter of McDonnell, 135 N. Y. S. 2d 455, 457; Matter of Dashnau, 194 Misc. 156.) It is to be observed, however, that in both of these cases the witness whose testimony was admitted without objection was not the representative of the estate. In the matter at bar, we deal not with an independent witness but with the administratrix herself. There can be little doubt that her testimony flies in the teeth of the statute and objection to it would have had to be sustained. Authority exists that the representative of the estate is under a duty to object. As was said in Matter of Kahn (140 Misc. 532, 534): “ The fact that the testimony was adduced without objection — no other party to the proceeding being present — is immaterial, since it was the duty of the administratrix to interpose all proper objections to the allowance of her own claim as well as those of other creditors. (Matter of Brown, 77 Misc. 507, 511; Butler v. Johnson, 111 N. Y. 204, 212.) ” The language employed in the case of Matter of Van ValJcenburgh (164 Misc. 295, 298, supra) seems particularly appropriate here. ‘1 It may be urged that testimony of a witness incompetent under section 347 must be considered if its introduction is permitted, and that is unquestionably so. Such permission is, however, an act of grace which the fiduciary may not be permitted to perform or suffer for his own advantage. It is primary that no fiduciary will be permitted to use his deputed authority for the advancement of his personal ends and that it is his duty to interpose any available defense to an asserted claim under penalty of personal liability in case of default in this regard. (Willcox v. Smith, 26 Barb. 316, 335; Matter of Taylor, 251 N. Y. 257, 264; Butler v. Johnson, 111 id.. 204, 211; Matter of Milligan, 112 App. Div. 373, 376; Matter of Schrier, 147 Misc. 539, 540; Matter of Lanza, 149 id. 95, 97; Matter of May, 160 id. 497, 499.) The difference between a failure to interpose an available defense and to object to incompetent proof is one of degree and not of kind, and the obligation in respect to the former should, on the basic reason underlying the former, apply equally to the latter. ’ ’ (See, also, Matter of Smith, 153 N. Y. 124.)
I have no doubt the statute may be waived but in this instance, the waiver would be in favor of the very party who is permitted to make such waiver and would be solely for her own benefit. To permit the representative of the estate to make the election in her own favor, even when called by an adverse party, would nullify the purpose of the rule. Moreover, the fact that the debt was evidenced by a promissory note of the decedent which was admitted in evidence, is not such testimony of a transaction *1097 with the deceased person so as to open the door to evidence relating to the making of the instrument. Matter of Callister (153 N. Y. 294, 306-307) where the court said: “ It would be a loose and dangerous construction to hold that when an instrument executed by a dead man is read in evidence by those who represent him, the living party to the document can testify to whatever was said and done when it was executed. As was said by the General Term: ‘ If this ruling is sustained, then in all cases the evidence created by a writing between the living and the dead may be overthrown by the evidence of the living as to the transaction out of which the writing was created, while the lips of the other party are closed, thus defeating the wise purpose of section 829.’ We find no well-considered case that so holds.”
It follows that the objection to the account marked and numbered “ 2 ” must be sustained and allowed.
The third objection to the account relates to an item in Schedule 0-1 which provides for attorneys’ fees in the sum of $1,000 and disbursements in the sum of $100, totalling $1,100. It is claimed that the attorneys’ fees are excessive. No evidence was submitted on the issue.
The fundamental rule is that attorneys’ fees must be reasonable. (Matter of Boulware, 144 Misc. 235.) No exact formula may be stated as each case rests upon its own particular facts. The value of the estate, the time consumed in its problems, the difficulty of administration, the presence or absence of litigation, the intricacies of questions of law involved, the relation of the beneficiaries to the decedent, the professional standing of the attorneys administering the estate, the results accomplished benefiting the estate, as well as other items may be taken into consideration. Each case is peculiarly individual.
The standard minimum attorneys’ fee in Columbia County is 4% of the gross estate for tax purposes. The New York estate tax return in this estate reflects a gross estate of $30,927.87. The attorneys’ fee in this instance is less than 4% of such gross estate for tax purposes. While there has been nothing submitted either by testimony or affidavit to indicate the nature of the problems involved in the administration of this estate, in my judgment, the fee allowed is reasonable and not excessive. Under the circumstances, the objection to the account marked and numbered “ 3 ” is overruled and disallowed. Attorneys’ fees and disbursements are accordingly fixed at $1,100.