■ ANN A. WARD, Respondent, v. ROSEMARY HALL, Appellant.— Appeal from a judgment of the Supreme Court in favor of plaintiff, entered July 1, 1971 in Rensselaer County, upon a decision of the court at a Trial Term, without a jury. Plaintiff, a 51-year-old woman afflicted with Parkinson's entered the Mary Imogene Bassett Hospital in Cooperstown on June 6, 1970 having taken an overdose of medication. Four days later she was transferred to the hospital's psychiatric ward because of her depressed and despondent state. On June 19, 1970, while hospitalized, plaintiff deeded to defendant, her sister, real property consisting of her house and trailer park. The transfer of this property had been discussed by the parties previous to plaintiff's hospitalization because plaintiff wanted to be sure her mother who lived with her " would have some breaks if I died, which I felt I was going to do " and because she wanted defendant to take care of her property. Prior to the signing of the deed plain-

tiff gave defendant a hand-written note purporting to sell all her property for $100. The deed was prepared at plaintiff's request and plaintiff testified that she conveyed the property because "I thought I wasn't going to live". Plaintiff was discharged from the hospital on July 8, 1970 and returned to defendant's home where she and her mother had moved just prior to her hospitalization. Defendant's husband, a carpenter, then built an extension to the house so that plaintiff and her mother could live privately, charging only for the cost of the materials. Plaintiff's condition worsened and, on January 4, 1971, she was again hospitalized. Upon her discharge the following month she did not return to her sister's home but went with her mother to live in Hartwick, New York. Plaintiff thereafter instituted this action for the return of her real property. The Supreme Court, ordering defendant to reconvey the property to plaintiff along with the rental income received, held that since real property cannot be the subject of a gift *causa mortis*, the transfer, to be held valid, must satisfy the requirements of a gift *inter vivos*, which it was determined it did not. Since a gift *causa mortis* of realty is not recognized in New York (*Dubitsky* v. *Schlacter*, 34 A D 2d 1093; *Matter of Kennedy*, 56 Misc 2d 1092, mod. 36 A D 2d 549; *Butler* v. *Sherwood*, 114 Misc. 483, affd. 196 App. Div. 603, affd. 233 N. Y. 655), the conveyance of the property, if not to fail, must find a basis elsewhere. Defendant contends that the conveyance of the property was made in consideration of defendant furnishing a home for plaintiff. However, this was rejected by the trial court which found, on ample evidence, that plaintiff intended to make a gift of the property. Likewise, the contention that plaintiff intended to establish a trust of the property must also fail (see, also, General Obligations Law, § 5–703; 61 N. Y. Jur., Trusts, §§ 57, 75). The trial court's finding that plaintiff did not intend to make a present, irrevocable and unconditional transfer of the property, a necessary element of a valid *inter vivos* gift (*Dubitsky* v. *Schlacter*, 34 A D 2d 1093, *supra*; *Scheideler* v. *Scheideler*, 37 Misc 2d 965; *Matter of Wilson*, 26 Misc 2d 839), was one of fact (*Dubitsky* v. *Schlacter*, 34 A D 2d 1093, *supra*) which is supported by ample proof in the record before us. Judgment affirmed, without costs. Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur; Herlihy, P. J., concurs in the following memorandum: I write solely to state that the deed in question was signed, delivered and recorded and the strong legal presumption as to its validity has not been overcome by the proof. Further, the legal doctrines of "*gift causa mortis*" and "*inter vivos* trusts" have not been established in the present record. There is no showing of fraud, collusion, misrepresentation or overreaching and the defendant performed the terms and conditions of the oral agreement in all respects. There remains the question as to whether equity should intervene on the premise that the defendant has been unconscionably enriched. I have serious doubts as to whether the plaintiff is entitled to any relief, but the trial court having seen and heard the witnesses, I concur in the result.