■ HOLLY J. TIDBALL, Respondent, v ROBERT J. TIDBALL, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered April 23, 1982 in Schenectady County, upon a decision of the court at Trial

Term (Graves, J.), without a jury. In January, 1979, after a marriage of approximately 12½ years, the parties to this action were divorced. Plaintiff sought to have a constructive trust imposed on certain of the couple's assets, legal title to which was in defendant alone. Finding such a trust had been established, the trial court awarded plaintiff a one-half interest in the marital home, another house which had been acquired in 1972 to be used as rental property, a truck, a tractor, and the proceeds from the postdivorce sale of a motor home purchased during the parties' marriage. The court also found that a 1976 Mercury Marquis, though registered and insured in defendant's name alone, and a snowmobile, were actually intended to be gifts to the wife and ordered title to those transferred to her. The elements of a constructive trust have been defined in the case law with considerable clarity (*McGrath v Hilding,* 41 NY2d 625). In the marital context, constructive trusts have been imposed when the party seeking this relief has demonstrated a transfer of funds or expenditure of effort, in reliance upon a promise, over and above that which could normally be attributed to the give and take of the marital relationship (see *Janke v Janke,* 47 AD2d 445, affd 39 NY2d 786). While the mechanism of a constructive trust is not to be employed to bring about a judicially coerced community property law (see *Saff v Saff,* 61 AD2d 452, 454), nevertheless, it is an available equitable device, in actions between former spouses, when the requisite elements have been proven (see *Tomaino v Tomaino,* 68 AD2d 267). Accordingly, we affirm the trial court's imposition of a constructive trust. The record is replete with conflicting testimony regarding the existence or nonexistence of promises of a coequal partnership in the parties' assets, the amount of money and energy each spouse devoted to improvement of the couple's real and personal property, and the reasons why title was placed only in defendant's name. In such matters of credibility, due deference must be accorded to the judgment of the trier of facts as long as its conclusions can be characterized as a fair interpretation of the evidence (*Tomaino v Tomaino, supra,* p 269). Here, it was reasonable for the court to determine that defendant had expressly promised plaintiff that title to the two parcels of real property would be and was in their joint names. Moreover, defendant's repeated declarations that everything was shared and that assets, such as the Mercury Marquis and the motor home, were plaintiff's even though he continued to retain legal title to them, satisfy the requirement of a promise. That plaintiff relied upon these promises to a degree above and beyond that expected in the usual marital relationship is evident from her expenditure of at least $30,000, given to her by or inherited from her mother, on the repair and improvement of the couple's properties. The home improvements paid for in substantial part by these funds included a front porch, an additional room, a swimming pool, and extensive internal remodeling. Both parties spent a good deal of their spare time performing the labor needed to make these improvements. Plaintiff's own money from her mother also represented a significant portion of the down payments on the various other motor vehicles the couple acquired during the marriage. In addition to these contributions, the record discloses that plaintiff expended the bulk of her earnings as a beautician on household expenses and the afore-mentioned repairs. Finally, it appears to us inarguable that allowing defendant to retain sole title to the improved properties and the vehicles would constitute unjust enrichment. We disagree, however, with that aspect of the trial court's decision which ordered title to the Mercury Marquis and the snowmobile be transferred to plaintiff. Defendant's retention of title and insurance on the car, all with the full knowledge of plaintiff, precludes finding that she was the beneficiary of an unequivocal gift (see *Scheideler v Scheideler,* 37 Misc 2d 965). Moreover, with

respect to both of these vehicles, plaintiff failed to carry her burden of proof as to the existence of donative intent and delivery (see *Ward v Hall,* 38 AD2d 1003); these vehicles should have been treated in the same fashion as the other property. We, therefore, modify to impose a constructive trust upon them giving each former spouse a one-half interest. Lastly, we note that the court's decision to set off against plaintiff's award the approximately $20,000 of furnishings and home appliances she removed from the marital home and one half the value of the jointly held bonds which she cashed was proper, as was the order requiring each party to make an accurate accounting of the value of certain assets. Judgment modified, on the law and the facts, by reversing the part thereof which transferred title to the 1976 Mercury Marquis and the snowmobile from defendant to plaintiff, and by imposing a constructive trust thereon and declaring plaintiff to be an equal co-owner of these assets, and, as so modified, affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.